HARPER J. CUNNINGHAM, *administrator of the estate of Charles A. Berger, deceased*; AND LYDIA A. BERGER AND SARAH BERGER, *sole legatees of Charles A. Berger, deceased*, v. THOMAS G. PHILLIPS.

INCOMPETENT EVIDENCE—*Ruling.* In an action brought by the defendant in error, plaintiff below, to recover a lot of ground in the city of Guthrie, claimed to have been leased by him to Charles A. Berger, and for which Berger obtained a deed without notice to the defendant in error from the board of townsite trustees, as is alleged, while he occupied the lot as a tenant of the defendant in error, and Berger having died before the trial, Phillips, over the objection of the plaintiff in error, was permitted to testify that he had made the lease to Berger, who was at the times mentioned, the lessee, and such testimony was material in the case to the conclusions reached by the court, *held*, that this was error, and that the testimony should not have been received.

*Error from the District Court of Logan County.*

*Harper S. Cunningham* and *S. L. Overstreet*, for plaintiffs in error.

The opinion of the court was delivered by

McATEE, J.: This suit was brought in the district court by the defendant in error, as plaintiff, for the recovery of, and that he be adjudged to be, the owner in fee simple of lot four in block fifty-two in East Guthrie, a part of the city of Guthrie, and that the defendants,

plaintiffs in error here, should be ordered and required to make to the plaintiff a deed therefor. An amended and supplemental complaint, upon which the proceedings in the case were had, was filed July 19, 1893, and was the continuation and revival of an action begun prior thereto, to-wit: in the year 1892, by the defendant in error against Charles A. Berger.

After setting forth that the land in question was segregated as a town lot, duly surveyed and platted into lots, blocks, streets and alleys, that he had become the owner thereof, and had placed a house thereupon, valued at one hundred and fifty dollars, and thereafter had rented the premises and the building located thereon to the deceased, Charles A. Berger, and that the said Berger had no other interest than as a tenant of the plaintiff, and that he became such tenant while said tract of land was a government townsite, and remained on said premises as tenant of the plaintiff until long after the said tract of land was proved up as a government townsite, and that the said Berger wrongfully and unlawfully and without right applied for, and received a deed for the lot from the townsite trustees.

The plaintiff alleged that he was a resident of the state of Dakota, and that he had no notice whatever that the townsite had been proved up by the trustees, or that the trustees had been appointed, or had given any notice to the owners of lots in the townsite to make application for deeds therefor until long after the time when Charles A. Berger, now deceased, received a deed to said lot, and had no opportunity or notice whatever to present the townsite trustees his application for a deed to the lot.

Thereafter, in answering the amended and supplemental complaint of the plaintiff, the defendants answered, stating that the cause of action or right to recover, if

any, stated in the plaintiff's complaint, was barred by the provisions of the act of congress, approved May 14, 1890, entitled, "An act to provide for townsite entries of lands in what is known as Oklahoma, and for other purposes," and particularly by the provisions of §§ 4-10, inclusive, of the act of the legislature of Kansas, entitled, "An act relating to townsites," approved March 2, 1868, and in force in this territory by § 5, of the act of congress approved May 14, 1890, and by the rules and regulations of the secretary of the interior of the United States governing said townsite board, in that, pursuant to the provisions of said laws, rules and regulations of townsite board assigned by the secretary of the interior to said government townsite of East Guthrie, in the fall of 1891, gave thirty days notice as required by said laws, rules and regulations, to all persons claiming lots or parcels of land in said townsite, that they would upon the —— day of November, 1891, and continually thereafter up to, and including the —— day of January, 1892, receive applications for lots and parcels of land in said townsite, and the said townsite board has from that time, been continuously in session, and acting as such board, and the said plaintiff, Thomas G. Phillips, has failed to ever make application to them for said lot.

Demurrers were made and overruled, both to the complaint and to the answer, and exceptions duly reserved.

Thereafter on the 23d day of April, 1894, the cause came on for hearing to the court without a jury. The plaintiff was called to testify in his own behalf, to which the defendants, and each of them, objected in respect to transactions and communications had personally with Charles A. Berger, deceased, and concerning the contents of a certain alleged lease which he claimed to have made with Charles A. Berger, during his lifetime, and

matters concerning the lot ·in controversy which had occurred prior to the death of Charles A. Berger, for the reason that such testimony was incompetent, being · contrary to the statute law of the territory in such case made and provided and against the rules of evidence, which objections were by the court overruled, to which ruling of the court, the defendants, and each of them, at the time duly excepted.

The plaintiff, Phillips, was allowed to testify to the making of a lease with Berger, to the loss of the lease by himself, Phillips, and was then permitted to testify as to the contents thereof, and to the payment of rent by Berger. This testmony constituted a very important and material part of the evidence produced in behalf of the plaintiff.

It was provided in the Code of Civil Procedure of the Statutes of 1890, applicable to this case and under which it was tried in the district court, ch..70, art. 16, general § 4529, p. 835, that:

"In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the life time of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be competent witnesses as to any personal transaction or communication had with the deceased."     *     *     *

And § 4530:

" In all suits by or against heirs, or devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in any rights of such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor."

We regard the admission of any part of the testimony of the plaintiff, Phillips, relating, as it all does, to transactions with Berger before his decease, concerning the making of a lease with him, the loss of the lease, and the contents thereof and the payment of rent by Berger, as being inadmissible.

It is impossible to conclude after a careful examination of the evidence in the case that, if the testimony had been excluded as provided by the Statute, that the finding and judgment could have been rendered in his behalf.

We think, therefore, that the admission of his testimony was reversible error, and the case will, therefore, be remanded with the direction to grant to the plaintiffs in error a new trial.

Dale, C. J., who presided in the court below, and Bierer, J., who was of counsel in the case in the court below, not sitting; all the other Justices concurring.