MACDONALD v. McLAUGHLIN *et ux.*

No. 1565. Opinion Filed April 9, 1912.

(123 Pac. 158.)

1. **WITNESSES—Competency—Testimony as to Transactions with Persons Since Deceased.** No party shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner, or assignee of such deceased person, where they have acquired title to the cause of action immediately from such deceased person.

2. **ACCOUNT STATED—Evidence—Sufficiency.** Evidence examined, and held insufficient to establish a verbal account stated.

(Syllabus by Robertson, C.)

*Error from Osage County Court;*
*C. T. Bennett, Judge.*

Action by Chas. S. Macdonald, as executor of the will of James Bigheart, against William McLaughlin and wife. From the judgment, plaintiff brings error. Reversed and remanded.

*Boone, Leahy & Macdonald,* for plaintiff in error.

*Grinstead, Mason & Scott,* for defendants in error.

Opinion by ROBERTSON, C. This was an action by plaintiff, as executor of the will of James Bigheart, deceased, to recover on a promissory note, dated December 4, 1903, in the sum of $405, with interest at ten per cent. per annum from date, together with $50 attorney's fee and costs of suit. The action was begun in the court below on January 10, 1908, by Bigheart, the payee, who thereafter died; and the cause was revived and proceeded in the name of his executor. The defendants answered and admitted the execution of the note, and in addition pleaded a settlement with Bigheart, and claimed a credit on said note, and alleged that on or about May 1, 1908, they and the deceased payee made and entered into a verbal account stated, whereby "it was fully agreed, considered, and understood that the amount due from the said defendants to the deceased, James Bigheart, on account of the note herein sued on was four hundred dollars only," which amount they stood ready to pay to whomsoever was lawfully entitled to receive the same. Trial was had to a jury, and a verdict for $405 and $50 attorney's fee and costs was returned in favor of plaintiff. Plaintiff filed a motion for a new trial, which being overruled, he brings error.

It is contended that the court erred in permitting defendants to testify of and concerning a verbal account stated, made and entered into with the payee of said note prior to his death. We think this position on the part of counsel for plaintiff is well taken. Section 5841, Comp. Laws 1909, reads as follows:

"No party shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is

the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where they have acquired title to the cause of action immediately from such deceased person.   *    *    *"

In *Conklin v. Yates*, 16 Okla. 266, 83 Pac. 910, the court said:

"Counsel for plaintiff in error argues that the statute forbids only communications had 'personally' with the deceased; that is, that the statute only contemplates preventing one party from testifying as to conversations had with the deceased. We do not agree with this contention. The evident purpose of the statute is to prohibit a party testifying in his own behalf in respect to any transaction or communication had with a deceased person individually. To hold otherwise would open the door for the greatest fraud, and this because the lips of his adversary are closed by death, and he cannot be heard to give his version of the conversation."

The record discloses that the court permitted both defendants to testify that they went to Bigheart's house and talked with him about the note after the suit had been brought thereon; that they stayed at Bigheart's house all day; and that their relations were friendly, etc. Their answer alleged that at about this time they had a verbal account stated with Bigheart, whereby he agreed to take $400 in full payment of the note. Bigheart's death prevented him from denying that they had any conversation with him on the subject of the note, or that their relations were friendly or otherwise. To our minds, this testimony of defendants, as admitted by the court, over the objections of the executor, was of and concerning "transactions and communications had personally" with deceased, and was highly prejudicial, and comes clearly within the inhibition in section 5841, *supra,* and was wholly incompetent, and its admission constitutes reversible error.

As to the next assignment of error, we are of opinion that there is no competent evidence in the record tending in any wise to establish an account stated, as pleaded in defendants' answer. The undisputed facts show that the items of labor which defendants claim as a set-off against the note were performed prior

to the 4th day of December, 1903, the date of the execution of the note sued on. This is established, not alone by the evidence of Mrs. Bigheart, but by that of the defendants themselves; and this, taken in connection with the testimony of McLaughlin that the items which Bigheart owed them for were truly and correctly listed and set forth in a written memorandum submitted in evidence, which shows that their demands for credit, after this action was begun, were for less than $50, is such an impeachment of the claim of verbal account stated as to render the same worthless. This is especially true in view of the testimony that no claim had ever been filed by McLaughlins against the estate of the deceased, although eleven months had elapsed since the appointment of the executor and the time the case was tried.

The so-called account stated was not proved, and the burden of proving it was on the defendants; and, inasmuch as no competent evidence was offered in support of this contention, we are compelled to say that the court erred in submitting this issue to the jury. We are of opinion, further, that the court erred in admitting the testimony of defendants concerning transactions and conversations had with the deceased; that no claim against the estate had ever been filed or been passed upon by the executor or the county court, and that no written acknowledgment, by James Bigheart, of the alleged set-off had ever been had; and that the claim against the estate could not therefore be maintained. A careful examination of the entire record convinces us that the court erred in refusing to sustain the plaintiff's motion for a judgment after the evidence was all in.

In view of the foregoing conclusions, the judgment of the county court of Osage county should be reversed, and a judgment should be entered herein in favor of plaintiff and against the defendants and each of them in the sum of $405, with interest at the rate of 10 per cent. per annum from December 4, 1903, and for $50 attorney's fee and all costs.

By the Court: It is so ordered.