## McCUAN *et al* v. GORDON *et al.*

No. 3890.   Opinion Filed November 17, 1914.

(144 Pac. 348.).

1.   **DEEDS—Delivery—Necessity.** A deed signed and acknowledged, but not delivered, is not effective as a conveyance, and does not transfer or pass title.

2.   **SAME.** A deed executed January 31, 1903, and retained by one of the grantors until January 16, 1911, when it was produced to enable a scrivener to obtain from it a correct description in order that he might prepare another deed for a part of the land therein described, and the scrivener inadvertently retained possession of the deed and delivered it to the register of deeds, where it was subsequently found by the surviving widow of the deceased grantee, and caused to be placed of record, without the knowledge or consent of the grantors, **held,** never to have been delivered, and not effective as a conveyance, and did not operate to invest the grantee with title to the land described therein.

(Syllabus by Galbraith, C.)

*Error from District Court, Lincoln County;*

*Chas. B. Wilson, Judge.*

Action by John B. Gordon and another against John W. McCuan, as executor, and others.   Judgment for plaintiffs, and defendants bring error.   Affirmed.

*J. S. Newby* and *W. L. Johnson,* for plaintiffs in error.

*Rittenhouse & Rittenhouse, Roy Hoffman,* and *Emery A. Foster,* for defendants in error.

Opinion by GALBRAITH, C.   The writ of error was sued out in this case to review the judgment of the district court of Lincoln county, rendered in an action concerning real estate, more particularly to remove a cloud and to quiet title to the N. ½ of the N. E. ¼ of the N. W. ¼ of section 13, township 13 north, range 3 east of the Indian meridian, located in Lincoln county.   A jury was waived by the parties and the cause sub-

mitted to the court for trial. The finding was for the plaintiffs, that they were in the possession of the land and had the legal title thereto, and that the deed under which the defendants claimed was void, and that they had no right or title in and to said land, and it was decreed accordingly. The plaintiffs in error assigned a number of errors, all of which it will not be necessary to consider, inasmuch as they are not presented in the manner required by the rules of this court.

The first assignment is that the court below erred in denying the motion for a new trial. The grounds for the motion were: First, that the judgment is not supported by sufficient evidence; second, that it is contrary to law; and, third, for errors occurring during the course of the trial and excepted to at the time.

The plaintiffs in error are the legal representative and the surviving widow and son of Fair Gordon, deceased, the brother of the defendant in error. The evidence showed that Fair Gordon, during his lifetime, made homestead entry of the N. W. ¼ of section 13, township 13 north, range 3 east, and afterwards relinquished, and his brother, the defendant in error, made homestead entry thereon and in February, 1902, obtained a patent thereto from the government. It also appears that the deceased, Fair Gordon, and the defendant in error resided together in the same house on this land for many years, and that the defendants in error on January 1, 1903, executed a warranty deed to Fair Gordon for an undivided one-half interest in this quarter section of land. It is contended, however, that this deed was never delivered and was retained in the possession of the defendant in error until January 16, 1911, when Fair Gordon was upon his deathbed and sent for an attorney to make his will, and while at the house the attorney was requested to prepare a deed to the S. ½ of this quarter section for the defendants in error to execute to Fair Gordon, they contending that this deed was executed in pursuance of an agreement entered into between them and the deceased that he should have the S.

½ of the quarter as his part of the land. In order to get the description of the land, the deed executed in January, 1903, was produced from the trunk of the defendant in error, where he kept it, and delivered to the attorney. This second deed recited that it was executed "for the purpose of correcting and making more definite and certain the description of the tract of ——— land in a deed heretofore made by the said grantor to the grantee." It is contended by the defendants in error and found by the court that the second deed was executed for the purpose of settling definitely between the brothers the part of the land that was going to Fair Gordon, the title to the entire 160 acres being in John B. Gordon, and that the deed of January, 1903, was not delivered to Fair Gordon and conveyed no title to him; also that the lawyer to whom this deed was delivered, for the purpose of getting the description of the land to enable him to prepare the second deed, that of January 16, 1911, inadvertently, and without the consent of the defendants in error, put the deed of 1903 in his pocket with that executed on that day, and carried both deeds to Chandler and delivered them to the register of deeds; that the deed of January, 1911, was recorded on the 18th of January, 1911, but the other deed was not recorded until February following, when the widow of Fair Gordon caused the same to be recorded and paid the recording fees thereon.

The principal issues in the case were issues of fact, viz., as to whether or not the deed of January, 1903, had ever been delivered, and also as to whether or not this deed was placed of record with the knowledge and consent of the defendants in error.

The defendant in error John B. Gordon testified relative to the delivery of the deed and its possession and record as follows:

"Q. In whose possession had the old deed or first deed been since the time of execution? A. Mine, always. Q. Did you deliver it to Fair Gordon or any other person for him? A.

I did not.  Q. Did you ever get it out for any person until you got it out for Judge Cordell to take the description from? A. No, sir.  Q. Who called for it, for the description at that time? A. Judge Cordell.  Q. Did you ever give Judge Cordell or any other person consent to place that on record? A. I did not. Q. Was it ever placed on record by any connivance or direction of yourself? A. No, sir.  Q. Are you in possession of the premises described in this petition? A. Yes, sir.  Q. Have you been continuously? A. Yes, sir.  Q. Do you live there with your family? A. Yes, sir."

There is abundant evidence in the record to sustain the findings of the trial court that this deed of 1903 had never been delivered, and that it had been placed of record without the knowledge or consent of the grantors therein named, and that it was not recorded until after the death of the grantee. These findings are, therefore, binding upon this court. The findings of fact made by the trial court being supported by the evidence, the judgment of the trial court finds ample support in the law.

A deed does not take effect or operate to pass title until it is delivered. *Powers v. Rude,* 14 Okla. 381, 79 Pac. 89. A deed executed by the grantor and left with his agent, who, without authority so to do, delivers it, will not pass title. *Hunter, etc., v. Spencer,* 21 Okla. 155, 95 Pac. 757, 17 L. R. A. (N. S.) 622.

Under the assignment "errors occurring during the course of the trial," reference is made to certain rulings of the court in excluding and admitting evidence and in permitting amendments to the pleadings. The rulings complained of as to the admission and exclusion of evidence are not assigned in the manner required by the rules of this court, inasmuch as all the evidence offered and excluded is not set out in the brief, so that the court can pass upon the assignment without referring to the record, and for that reason these assignments cannot be considered. The matter of amending these pleadings, both before the trial and during the course of the trial, is largely within the discretion of the trial court. The rule is settled in this jurisdiction that the trial court's ruling on this question will not be

disturbed, unless a clear abuse of discretion is shown. The plaintiffs in error have failed to show that they were prejudiced in any way by the amendment permitted by the trial court. The issues made by the pleadings were not materially changed by any of these amendments, and it does not appear that the rights of the plaintiffs in error were in any way prejudiced by allowing the same.

After a careful examination of the entire record, we are convinced that the judgment of the trial court effectuates justice in this controversy, and is sustained by the law and the evidence, and that the exceptions should be overruled, and the judgment appealed from affirmed.

By the Court: It is so ordered.