MATTHEW J. KANE, CHIEF JUSTICE.
J. F. SHARP, VICE CHIEF JUSTICE.

JOHN B. TURNER,
SUMMERS HARDY, } JUSTICES.
CHAS. M. THACKER.

## VANCE v. WHITTEN.

No. 4909.   Opinion Filed August 3, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 567.)

WITNESSES — Competency — Testimony Against Representatives of Deceased Persons. "No party shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person. where they have acquired title to the cause of action immediately from such deceased person." (Comp. St. 1909, sec. 5841.)

(Syllabus by Bleakmore, C.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Action by Hannah R. Whitten against Henry M. Vance, administrator of the estate of Uries Hutchings, deceased. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Van Court & Reubelt* and *Ben D. Gross,* for plaintiff in error.

*Lucas & Tabor,* for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced on the 7th day of November, 1911, in the district court of McIntosh county, by the defendant in error as plaintiff, against the plaintiff in error as defendant. The parties will be referred to as they appeared in the trial court.

In the petition it is alleged, in substance, that plaintiff was the widow of Uries Hutchings, who died September 23, 1906; that the defendant was the administrator of the estate of the deceased, having been duly appointed on the 17th day of May, 1911; that plaintiff and deceased were married in the State of Texas, on the 7th of August, 1895, and lived together as husband and wife until his death; that at the time of their marriage plaintiff possessed in her own right and as her individual property $800; that deceased took possession of and managed and controlled the same during his lifetime, acting as her agent and trustee; that on the 28th day of July, 1901, plaintiff and deceased removed from the State of Texas to the then Indian Territory, and said $800 was transferred and invested in certain real property in the town of Checotah, now in McIntosh county, Okla., the title to which was taken in the name of deceased, it being fully understood between plaintiff

and deceased that said property was to be her distinct, individual, and separate property; that in November, 1903, the plaintiff and deceased sold said property for $1,800, the proceeds being taken in charge by deceased as the agent and trustee of the plaintiff, and so kept, managed, and controlled by him up until the time of his death; that said proceeds are now in the hands of defendant, administrator of said estate, etc.

Defendant answered by way of general denial. The case was tried to a jury, and resulted in verdict and judgment for plaintiff in the sum of $1,800.

As stated in her brief:

"The plaintiff testified that she became married to Mr. Hutchings in 1895; that when she married him she possessed in her own name as her separate and individual property $800 in money, representing her savings from teaching school in Louisiana, which she had earned prior to her marriage; that shortly after her marriage this money was turned over to and handled by her husband, and that she never has received back said money; that in 1901 she and Mr. Hutchings moved to Checotah, at which place the property known as the Woolf property was purchased from Jackson Thompson for $200, and that $600 worth of improvements were made on said property, which was subsequently sold for $1,800; that she had never received said money."

The testimony of plaintiff was objected to on the ground that she could not lawfully testify in respect to such transaction with the deceased. This objection was overruled. At the close of her testimony, defendant moved to exclude it on the same ground, and this motion was also overruled.

Section 5841, Comp. Laws 1909 (section 5049, Rev. Laws 1910), provides:

"No party shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where they have acquired title to the cause of action immediately from such deceased person; nor shall the assignor of a thing in action be allowed to testify in behalf of such party concerning any transaction or communication had personally by such assignor with a deceased person in any such case; nor shall such party or assignor be competent to testify to any transaction had personally by such party or assignor with a deceased partner or joint contractor in the absence of his surviving partner or joint contractor, when such surviving partner or joint contractor is an adverse party. If the testimony of a party to the action or proceeding has been taken, and he afterwards die, and the testimony so taken shall be used after his death, in behalf of executor, administrators, heirs at law, next of kin, assignee, surviving partner or joint contractor, the other party, or the assignor, shall be competent to testify as to any and all matters to which the testimony so taken relates."

In *Conklin v. Yates,* 16 Okla. 266, 83 Pac. 910, it is said:

"Counsel for plaintiff in error argues that the statute forbids only communications had 'personally' with the deceased; that is, that the statute only contemplates preventing one party from testifying as to conversations had with the deceased. We do not agree with this contention. The evident purpose of the statute is to prohibit a party testifying in his own behalf in respect to any transaction or communication had with a deceased person individually. To hold otherwise would open the door for the greatest fraud, and this because the lips of his adversary are closed by death, and he cannot be heard to give his version of the conversation."

In *Cunningham, Administrator, v. Phillips,* 4 Okla. 169, 44 Pac. 221, the syllabus is as follows:

"In an action brought by the defendant in error, plaintiff below, to recover a lot of ground in the city of Guthrie, claimed to have been leased by him to Charles A. Berger, and for which Berger obtained a deed without notice to the defendant in error from the board of townsite trustees, as is alleged, while he occupied the lot as a tenant of the defendant in error, and, Berger having died before the trial, Phillips, over the objection of the plaintiff in error, was permitted to testify that he had made the lease to Berger, who was at the times mentioned the lessee, and such testimony was material in the case to the conclusions reached by the court, held, that this was error, and that the testimony should not have been received."

See *Nunnally v. Becker,* 52 Ark. 550, 13 S. W. 79; *Wadleigh v. Parker,* 34 Okla. 213, 124 Pac. 957; *McDonald v. McLaughlin et ux.,* 32 Okla. 584, 123 Pac. 158.

It is clear that the plaintiff acquired title to the cause of action alleged and in respect to which she testified by a transaction had personally with her deceased husband and acquired the title immediately from him, and therefore she was incompetent to testify in regard thereto in this action against the administrator of his estate.

It is urged by plaintiff in her brief that there was other evidence sufficient to sustain the judgment, and her testimony with regard to the transactions with deceased being merely cumulative, its admission, even if erroneous, was not prejudicial. To this we cannot agree. Her testimony in respect to transactions with deceased, which were the very basis of her claim, was introduced over proper objection and relied upon by her as essential to establish it; and having received the benefit of such testimony, she

should not now be permitted to minimize its probative force,. or assert its harmless effect upon her adversary.

It follows that the judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.