## RICHARDSON v. STROTHER.

No. 6233.    Opinion Filed February 8, 1916.

(155 Pac. 528.)

1.    WITNESSES — Competency — Transactions with Persons Since Deceased. Under the provisions of section 5049, Rev. Laws 1910, no party is allowed to testify in his own behalf in respect to any transaction had personally by such party with a deceased person, where the adverse party is the representative of such deceased person.

2.    SAME. In an action against the administrator of a deceased person on a rejected claim against the estate, in the form of an open account for services alleged to have been performed for and money loaned to such deceased person by plaintiff, the testimony of the plaintiff with respect to the transactions involved in such claim, had personally with the deceased, **held** properly excluded.

(Syllabus by Bleakmore, C.)

*Error from County Court, Greer County;*
*M. H. Mills, Special Judge.*

Action by P. K. Richardson against F. L. Strother, administrator of the estate of William H. Harris, deceased. Judgment for defendant, and plaintiff brings error. Affirmed.

*E. M. Stewart* and *Henry M. Gray,* for plaintiff in error.

Opinion by BLEAKMORE, C.   This action was commenced in the county court of Greer county by P. K. Richardson against F. L. Strother, administrator of the estate of W. H. Harris, deceased, to recover upon a claim against said estate.   The claim, which had been duly presented to and rejected by the administrator, was in the form of an open account for services alleged to have been performed for and money loaned to the deceased in his lifetime by plaintiff.   The only evidence offered at the trial to establish such claim was the testimony of the plaintiff relative to such transactions.   Timely objection was interposed to the competency of the plaintiff to testify in respect to such transactions with the deceased; and at the close of the evidence defendant moved to exclude the same on that ground.   The evidence was excluded, and the trial court directed the jury to return a verdict for defendant.   This action of the court is assigned as error.

Section 5049, Rev. Laws 1910, provides:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person; nor shall the assignor of a thing in action be allowed to testify in behalf of such party concerning any transaction or communication had· personally by such assignor with a deceased person in any such case; nor shall such party or assignor be competent to testify to any transaction had personally by such party or assignor with a deceased partner or joint contractor, when such surviving partner or joint contractor is an adverse party.   If the testimony of a party to the action

or proceeding has been taken, and he afterwards die, and the testimony so taken shall be used after his death, in behalf of executors, administrators, heirs at law, next of kin, assignee, surviving partner or joint contractor, the other party, or the assignor, shall be competent to testify as to any and all matters to which the testimony so taken relates."

In *Conklin v. Yates*, 16 Okla. 266, 83 Pac. 910, it is said by the court:

"Counsel for plaintiff in error argues that the statute forbids only communications had 'personally' with the deceased; that is, that the statute only contemplates preventing one party from testifying as to conversations had with the deceased. We do not agree with this contention. The evident purpose of the statute is to prohibit a party testifying in his own behalf in respect to any transaction or communication had with a deceased person individually. To hold otherwise would open the door for the greatest fraud, and this because the lips of his adversary are closed by death, and he cannot be heard to give his version of the conversation."

See, also, *Cunningham, Adm'r, v. Phillips*, 4 Okla. 169, 44 Pac. 221; *Wadleigh v. Parker*, 34 Okla. 213, 124 Pac. 957; *McDonald v. McLaughlin et ux.*, 32 Okla. 584, 123 Pac. 158; *Vance v. Whitten*, 51 Okla. 1, 151 Pac. 567.

The trial court was correct in its ruling, and the judgment should be affirmed.

By the Court: It is so ordered.