## SINCLAIR, Adm'r, v. STRINGER.

No. 9917—Opinion Filed Feb. 8, 1921.

(Syllabus by the Court.

**1. Evidence — Burden of Proof — Action Against Administrator—Defense of Payment.**

In an action against an administrator for the recovery of money for personal services rendered the decedent the plea of payment is an affirmative defense and the burden of establishing the same is upon the defendant.

**2. Witnesses — Competency — Testimony as to Transactions With Persons Since Deceased—Action Against Administrator.**

Record examined and held, that, in the state of the pleadings and in view of the theory upon which the cause was tried below, the plaintiff was not an incompetent witness under that part of section 5049, Rev. Laws 1910, which provides: "No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person."

**3. Same.**

In such an action testimony by the plaintiff that she worked in the home of the deceased as a practical nurse when the latter was at home and could not have been ignorant of such services, and testimony as to the duration of such services, the reasonable value thereof, and that she had not been paid, is not testimony in respect to a transaction or communication had by her with a deceased person within section 5049, Rev. Laws 1910.

**4. Executors and Administrators — Action Against Administrator — Sufficiency of Evidence.**

Record examined, and held, that the verdict of the jury and the judgment rendered thereon by the trial court are reasonably supported by the evidence.

**5. Appeal and Error—Harmless Error.**

Of the remaining errors complained of it is sufficient to say that we have carefully examined the record and find them to be without merit or that they are harmless under section 6005, Rev. Laws 1910, which provides: "No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or

the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Error from District Court, Tulsa County; H. L. Standeven, Trial Judge.

Action by Martha J. Stringer against Earl W. Sinclair, administrator of the estate of Fred D. Zeigler, deceased. Judgment for plaintiff, and defendant brings error. Affirmed.

Jno. Y. Murry, for plaintiff in error.

C. H. Rosenstein and D. F. Gore, for defendant in error.

PER CURIAM. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the recovery of money alleged to be due the plaintiff for services rendered as a practical nurse to the family of Fred G. Zeigler under a contract, either express or implied, entered into with Mr. Zeigler during his lifetime. Upon trial to a jury there was a verdict for the plaintiff for the amount prayed for, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Originally the plaintiff's petition contained two causes of action, both involving the same services. The first cause of action was based upon an express contract, and the second was based upon a quantum meruit. As the trial court sustained a demurrer to the evidence offered for the purpose of establishing the first cause of action and required the plaintiff to go to the jury on the second cause of action, this is the only phase of the case that it will be necessary to notice in detail.

The answer of the defendant at the time the cause was called for trial admitted that the plaintiff accompanied the family of Mr. Zeigler on their vacation in the summer of 1916 in the capacity of a practical nurse, and that she rendered certain services to his invalid wife and child, and further alleged that such services were rendered in pursuance of a certain understanding and agreement between Mr. Zeigler and the plaintiff, the terms of which were fully carried out, with the result that said plaintiff has been fully paid for all services rendered and performed under said agreement, wherefore said estate of said F. G. Zeigler is not indebted to said plaintiff on either of said causes of action in any sum whatsoever.

Without any reply being filed, the cause went to trial on the issues joined by the foregoing pleadings. Thereupon the plaintiff was called as a witness in her own behalf. After testifying in a general way that she was a practical nurse, and that during the summer of 1916 she accompanied Mr. Zeigler and his family on their summer vacation in the capacity of practical nurse, the length of service, the reasonable value thereof, etc., the following questions were asked:

"Q. Why did you go with them? A. I went as a nurse for Mrs. Zeigler. Q. At whose request? A. Mr. Zeigler. Mr. Murry: I object to that, if the court please, and move to strike it out, Mr. Zeigler is dead."

The contention on this point is that the witness was incompetent to testify under that part of section 5049, Rev. Laws 1910, which provides as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person."

The court overruled the objection to this testimony "for the reason that the defendant in his answer alleges that the plaintiff accompanied the family of the deceased in the summer of 1916 and rendered certain assistance unto the invalid wife and child of the deceased, and that the same was in pursuance of the understanding and agreement between the parties of said Zeigler, deceased. She may answer."

We are unable to say that this action of the court was erroneous. In the first place, under the state of the pleadings at the time this objection was made, there was but one issue of fact joined by the petition and the answer. As we understand the pleadings, the plaintiff alleged that she rendered the services at the instance and request of Mr. Zeigler, and that she had not been paid therefor. The answer, while admitting the services, alleged that the plaintiff had been paid in full in the manner set out in the answer. As the plea of payment is an affirmative defense, the burden of proof was upon the defendant to show that the services had been paid for. But viewing the case as it was really tried below, it is clear that the subsequent action of the court requiring the plaintiff to go to the jury on

her second cause of action resulted in casting the burden of proof upon her of establishing her case on the quantum meruit charge. In these circumstances the defendant cannot complain of the admission of the testimony tending to establish an express contract, for the reason that later in. the trial of the cause this evidence was excluded from the consideration of the jury by the trial court sustaining a demurrer to the evidence offered for the purpose of establishing the first cause of action set up by the plaintiff and instructing the jury that the plaintiff was only entitled to a quantum meruit. The situation, then, under which the case was submitted to the jury was as follows:

In order for the jury to find in favor of the plaintiff upon an implied contract it was necessary only to show by a preponderance of the evidence that the plaintiff entered the employment of Mr. Zeigler during his lifetime and with his knowledge and consent, that she rendered the services alleged, show the reasonable value thereof, and that she had not been paid. As she did this to the satisfaction of the jury, the plaintiff fully sustained the burden cast upon her under this theory. And permitting this testimony to go to the jury in the circumstances stated did not in any respect constitute a violation of section 5049, supra. Foggeth v. Gaffney et al. (S. C.) 12 S. E. 260; Ah How v. Furth et al. (Wash.) 43 Pac. 639; Belden v. Scott, Exr. (Wis.) 27 N. W. 356.

Belden v. Scott, Exr., supra, was an action against an executor to recover for work and labor in keeping the books of the deceased for a period of years prior to the death of the decedent. Plaintiff offered to testify to the performance of the work for the deceased, and the amount of time spent and the value of the services performed, which evidence the trial court excluded on the ground that it called for transactions or communications between the plaintiff and the deceased. The Supreme Court reversed the case on account of the exclusion of this evidence, saying:

"There can be no question of the competency of this evidence. It was entirely independent and exclusive of any transaction or communication between the deceased and the witness as a party. It is no proper objection to this testimony that the law might raise from it the implication of a promise by the deceased in his lifetime to pay what such labor was reasonably worth. Such a promise by mere implication of law from certain facts exists only because there was no express contract between the parties, or no 'transaction or communication' between them. A contract implied and a contract express are necessarily in contradistinction

The statute is not hostile to the proof of all just claims against estates. It was made to protect estates from claims depending upon personal transactions or communications between 'the claimants and the deceased, established by the testimony of the claimants, in the absence of the testimony of the deceased to controvert it."

Moreover, the witnesses introduced by the defendant to establish his defense of payment admitted that the services were rendered substantially as stated under an agreement whereby the plaintiff was to perform the services in consideration of Mr. Zeigler paying her expenses while the plaintiff was away with his family on their summer vacation. It was sought to establish this defense by showing certain admissions to that effect by the plaintiff in the presence of the witnesses, which admissions were denied by the plaintiff on rebuttal. So really there was but one issue of fact joined by the pleadings and but one issue of fact in the case, and that was whether the plaintiff had been paid for her services in the manner stated by defendant's witnesses. This question having been decided in favor of plaintiff by the verdict of the jury on conflicting evidence, this court is not at liberty to reverse the judgment rendered on the verdict. We have examined the remaining assignments of error urged by counsel for plaintiff in error and find that they are without merit or that they belong to the class of errors covered by section 6005, Rev. Laws 1910, which provides as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Of this class of errors it is sufficient to say that we have examined the record carefully,·and it does not appear that the errors complained of have probably resulted in a miscarriage of justice or constitute a substantial violation of any constitutional or statutory right. On the contrary, the cause appears to have been fairly submitted to the jury on the only issue of fact joined by the pleadings or raised by the proof, and we are clearly of the opinion that the judgment rendered on the verdict returned by the jury is in accordance with right and justice and should be affirmed. It is so ordered.

All the Justices concur.