## SCOTT, Ex'r, v. SCOTT.

No. 15020—Opinion Filed July 14, 1925.

1. **Deeds—Mental Incapacity of Grantor—Proof—Condition Before and After Execution.**

In an action to set aside a deed upon the grounds of the mental incapacity of the grantor, it is competent to prove the condition of the grantor's mind for a reasonable period, both before and after the date of the alleged execution and delivery of such deed.

2. **Same—Issue in Action to Cancel—Mental Condition at Time of Delivery.**

In an action to set aside a deed upon the grounds of the mental incapacity of the grantor the question to be decided is whether the grantor was mentally incompetent at the time the deed was delivered.

3. **Witnesses—Party Incompetent to Testify as to Transactions with Persons Since Deceased.**

In an action brought by an executor of a deceased person against the grantee of such deceased to set aside a deed, such grantee is not a competent witness to testify as to the delivery of such deed.

4. **Deeds—Date of Delivery—Presumptions.**

In the absence of proof, there is a presumption that a deed is delivered, if at all, at the time of its execution; but where it appears from the evidence that a deed was not delivered at the time of its execution and such deed is subsequently filed for record, the presumption is that it was delivered at the time it was filed for record.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by George B. Scott and George B. Scott, executor of the last will and testament of Benjamin Scott, deceased, against Lula M. Scott. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

H. Z. Wedgewood, for plaintiff in error.

John V. Roberts and A. L. Zinser, for defendant in error.

Opinion by DICKSON, C. The plaintiff in error is a nephew and the executor of the last will and testament of Benjamin Scott, deceased. The defendant in error is the widow of said deceased. The parties will hereafter be referred to as plaintiff and defendant as they were designated in the trial court.

The plaintiff commenced this action on the 3rd day of October, 1922, for the purpose of having canceled and set aside a certain warranty deed purporting to have been executed on the 9th day of September, 1922, by the said deceased, conveying to the defendant certain real estate in the city of Enid.

It is alleged in the amended and supplemental petition, in substance, that on the 9th day of September, 1922, the deceased, Benjamin Scott, was by reason of old age and protracted illness so weak of body and mind as to be incapable of understanding

or comprehending the nature of a contract, or to make a deed. That on said date, and for sometime prior thereto, the said deceased was under the control and dominion of the defendant and that by means of fraud, undue influence and coercion, said defendant caused the deed in question to be drawn and a purported signature of the deceased to be affixed thereto. That said deed was not the free and voluntary act of said deceased, but the result of fraud and undue influence exerted by the defendant over the weak and feeble mind of said deceased.

It is further alleged that since the commencement of this action, to wit, October 4, 1922, the plaintiff and the defendant entered into a contract in writing by which the defendant agreed that the deed in question might be canceled in this suit, and that said defendant would take under said will. A copy of said agreement is attached to and made a part of the amended and supplemental petition, and is in the nature of a family settlement. To this petition, the defendant filed an answer and counterclaim, in which she denied all of the allegations contained in said petition, except certain admissions. She admits the execution and probate of the will of said deceased, and that the plaintiff is the duly appointed and qualified and acting executor thereof, and admits that she executed the agreement, set up in the plaintiff's petition, but alleges that she was induced to execute the same by fraud and duress and that at the time she executed the same, she was unable to understand or comprehend its terms, and alleges that on the 9th day of September, 1922, the deceased executed and delivered to her a warranty deed, conveying to her the property involved in this suit, and expressly denies that any advantage was taken of said Benjamin Scott, or that he was incompetent to transact business, or that said deed was obtained by fraud or duress or undue influence. It is further alleged in said answer and cross-petition, that the real estate conveyed by said deed was the homestead of said deceased and the defendant. It is further alleged that the contract set up in the plaintiff's petition was obtained from her without any consideration therefor and is therefore void. The defendant prayed that the plaintiff's petition be dismissed and that said contract set up in the plaintiff's petition be set aside and held for naught, and that she be adjudged to be the owner of said real estate and that her title thereto be quieted.

The plaintiff filed a reply which put in issue the affirmative allegations contained in the answer. Upon the issues thus framed the case was tried in said district court June 11, 1923, resulting in a decree for the defendant, substantially as prayed in her answer and cross-petition. From this decree the plaintiff has duly appealed to this court by petition in error with case-made attached.

Among the errors assigned for a reversal are: (1) That the court erred in refusing and ruling out competent and material evidence offered on the part of the plaintiff. (2) The court erred in admitting incompetent evidence offered on the part of the defendant in error. (3) That the judgment is not supported by the evidence. Inasmuch as the case must be reversed upon these assignments and will have to be retried, we will only set out in the opinion those portions of the record necessary to an understanding of the conclusions we have reached.

It is conceded that the property involved is located in the city of Enid and is of the value of $15,000; that it was occupied at the time of the death of the deceased as a homestead by the defendant and the deceased, and was also used for business purposes; that the deceased and the defendant were married in 1919, the deceased being about 70 years of age, and the defendant about 47 years of age at the time of said marriage; that a few days after the marriage, the deceased executed the will which was afterward probated. The will was introduced in evidence and bequeathed to the defendant a life estate in and to all of the property, real and personal, of which the testator died seized, and provided that at the time of her death, the property go to the plaintiff and three other nephews share and share alike.

The evidence shows that sometime during the summer of 1922, the deceased was stricken with a protracted and what proved to be his final illness; that he was taken to a hospital in the city of Enid, where he remained for sometime; that on the 29th day of August, 1922, the defendant removed the deceased from the hospital to their home, where he died on the 27th day of September, 1922. The plaintiff introduced several witnesses, whose testimony tended to prove that at the time the deceased was removed from the hospital, he was mentally incompetent to make a deed, and offered to prove by other witnesses that shortly after the 9th day of September, 1922, the deceased, on account of mental weakness, was unable to understand the nature of a contract or to make a deed. The court ruled out and excluded all of the evidence offered as to the mental capacity of

the deceased after the 9th day of September, 1922. This was error.

"In order to ascertain a person's mental condition at the time of the act in question, it is permissible to receive evidence of the condition of his mind for a reasonable period both before and after that time, subject to a proper restriction as to remoteness." 32 C. J. 760, section 564; State v. Newman (Kan.) 47 Pac. 881; In re Houston's Estate (Cal.) 124 Pac. 852.

Besides, the evidence conclusively shows that the deed was not delivered at the time it was signed by the deceased, if it was signed by him, or at the time it was acknowledged.

In an action to set aside a deed on the grounds of incapacity of the grantor, the question to be determined is whether or not the deceased was mentally incompetent at the time the deed was delivered, since the deed is not operative until the time of delivery. Ford v. Gale, 140 N. Y. S. 541; Hunter Realty Co. v. Spencer, 21 Okla. 155, 95 Pac. 757; McCuan v. Gordon, 44 Okla. 254, 144 Pac. 348; Daniel v. John P. London Co., 44 Okla. 297, 141 Pac. 596; Taylor v. Harkins, 74 Okla. 206, 176 Pac. 117.

The attorney who drew the deed in question and the notary who took the acknowledgment thereto testified on behalf of the defendant, and from their testimony it clearly appears that the deed was not delivered at the time it is alleged to have been signed by the deceased, or at the time it was acknowledged. To meet this situation, the defendant was placed upon the witness stand, and over the objection and exception of the plaintiff, was permitted to testify that the deed was delivered to her by the deceased. In this we think the court erred. The plaintiff in the case was the executor of the last will and testament of the deceased, and the defendant was not a competent witness.

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, * * * of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person." C. O. S. 1921, section 588; Bellamy v. Bellamy, 93 Okla. 286, 220 Pac. 844; Grosshart v. McNeal, Admr., 95 Okla. 102, 218 Pac. 329.

It is contended, however, that the deed was recorded and that this raises the presumption that it was delivered, citing 18 C. J. 418, 419, sections 496, 497. This contention would be sound if there was no other evidence on the subject. The possession of a deed by the grantee raises the presumption of delivery, and in the absence of other evidence, the presumption is that it was delivered at the time it was acknowledged, but this is only a presumption and must give way to positive proof. The deed was recorded a few hours before the death of the grantor and at a time when it is admitted he was totally unconscious, and under these circumstances, at best, no presumption could be raised that it was delivered at any time prior to the recording thereof. Ford v. Gale, supra.

Other assignments of error are made and argued in the briefs, but we think the other rulings complained of are not likely to occur in another trial, and for the reasons stated, recommend that the judgment and decree appealed from be reversed and the cause remanded to the district court of Garfield county for a new trial.

By the Court: It is so ordered.

Note.—See under (1) 18 C. J. p. 434, §528; 32 C. J. p. 760, §564. (2) 18 C. J. p. 434 §528. (3) 40 Cyc. pp. 2298, 2327. (4) 18 C. J. p. 414, §493; anno. 54 L. R. A. 884, 9 L. R. A. (N. S.) 225, 38 L. R. A. (N. S.) 944; 8 R. C. L. p. 1014; 2 R. C. L. Supp. p. 706; 5 R. C. L. p. 491.