**PANCOAST, Adm'r, et al. v. ELDRIDGE.**

No. 22252. Opinion Filed May 24, 1932.

II. A. Johnson and Randell S. Cobb, Asst. Atty. Gen., for plaintiffs in error.

Cress & Tebbe, for defendant in error.

RILEY, J. This is the second appeal in this cause. Detailed facts are stated in 134 Okla. 247, 273 P. 255. Originally Eldridge sought specific performance of an alleged oral contract to devise property, real, personal and mixed, and in the alternative "for damages for the breach of said contract * * * to the amount of the value of * * * the property." Eldridge alleged (a) performance of the contract on his part by labor during the years 1903 to 1924, inclusive, as a farm hand, cook, and nurse for George W. Brown, deceased; (b) the death of Brown, and (c) failure of Brown to make a will devising and bequeathing his property to plaintiff.

This court held, on the former appeal, that specific performance would be denied, for the evidence adduced to establish the oral contract was not clear, cogent, and convincing. It was stated in the former opinion that the facts in this case are similar to the facts in Poole, Exec., v. Janovy, 131 Okla. 219, 268 P. 291. It was also stated:

"While the facts in the case at bar do not entitle plaintiff to specific performance of the contract, they do entitle him to recover for the reasonable value of the services performed for and on behalf of the decedent."

196

It is significant that a quantum meruit recovery there suggested is vastly different from a specific performance or damages, to the value of the property involved, for breach of the alleged contract.

Upon a remand of the cause, no amendment to the petition of plaintiff was offered or made, but the cause proceeded as in equity. The defendant demurred upon the ground that only specific performance was sought, whereas the Supreme Court had denied that relief, and that the petition of plaintiff was insufficient to state a cause of action for recovery of value for services performed, the only relief saved to plaintiff. It was urged that no allegation was contained in the petition to plead presentation to and rejection by the administrator of a claim as required by law. The overruling of this demurrer was error. This court did not hold in the former decision that the pleadings or facts were sufficient to entitle plaintiff to prevail in a law action, but it was held that the alleged oral contract, the asserted basis for specific performance and damages for breach of contract, was not established. It appeared that Eldridge had labored. As to whether he had been paid, this court, under the state of the record, was powerless to say. So, by reason of a generous consideration, the cause was remanded for submission of Eldridge's remedy at law, subject, of course, to procedure at law and defenses provided by law.

The facts in this case are similar to those in the Janovy Case, but the pleadings are vastly different. There the reasonable value of services rendered was sought—herein is sought a conveyance of property as if by will. That was an action at law—this is thus far an equitable action. Therein a trial to a jury was had—herein a jury trial was denied. Therein a timely presentation of a claim to the executor was alleged—herein there is no such allegation.

Therein it was conceded by plaintiff that an oral agreement to devise real property could not be enforced in an action for specific performance—herein the factum of the alleged agreement was adversely determined.

The cause must be reversed. If plaintiff can amend his petition to state a cause of action at law, for a quantum meruit recovery, if he can plead presentation to and rejection by the administrator of a claim for services rendered the deceased Brown, he should be permitted so to do. Section 1242, C. O. S. 1921; Walker Drilling Co. v. Carlew D. Co., 109 Okla. 7, 234 P. 598; Miller

v. Bradburn, 106 Okla. 234, 233 P. 736; Osborn v. Foresythe, 54 Okla. 40, 153 P. 207; Barnett's Estate, 52 Okla. 623, 153 P. 653.

Defendant, upon demand, is entitled to a jury trial. Article 2, sec. 19, Const. of Okla.; Section 532, C. O. S. 1921; Childs et al. v. Cook et al., 68 Okla. 245, 174 P. 274; Poole v. Janovy, 131 Okla. 219, 268 P. 291; Keeter v. State, 82 Okla. 89, 198 P. 866; Okmulgee Pro. & Ref. Co. v. Wolf, 88 Okla. 188, 212 P. 415.

Over objections and exceptions of the defendant administrator, plaintiff was permitted to testify concerning the facts relating to the transaction had between himself and the deceased Brown. This was error. There exists a conflict in the rule in this jurisdiction upon this point. Since this cause must otherwise be reversed, the conflict will be eliminated.

Fuss v. Cocannouer, 70 Okla. 36, 172 P. 1077, states the rule to which we adhere:

"The facts from which an implied contract might be inferred constitute a part of the transaction with the decedent, and therefore evidence as to such facts comes within the inhibition of such statute."

The statute involved is section 588, C. O. S. 1921:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person. * * *"

See: Dickerson v. Payne, Adm., 66 N. J. Law Rep. 35; Herring v. Herring's Estate, 94 Iowa, 56.

The true rule is stated in Northrip's Adm'r v. Williams (Ky.) 100 S. W. 1192:

"No person will be permitted to give testimony in his behalf against the estate of a deceased person that will have a tendency to strengthen or make good his claim, or that will leave the impression upon the court or jury that his demand must be just and reasonable, because in substance and effect this would be testifying, although indirectly, to transactions with and acts done or omitted to be done by the deceased."

This court stated this rule in Cunningham, Adm'r, v. Phillips, 4 Okla. 169, 44 P. 221, and followed in Wadleigh v. Parker, 54 Okla. 213, 124 P. 957; Oklahoma Nat'l. Bk. of Cushing et al. v. Keller, Adm'r, 124 Okla.

281, 256 P. 34; Conklin v. Yates, 16 Okla. 260, 83 P. 910, wherein it was said: "To hold otherwise" as to transactions "would open the door for the greatest frauds, and this because the lips of his adversary are closed by death." McDonald v. McLaughlin et ux., 32 Okla. 584, 123 P. 158; Richardson v. Strother, 55 Okla. 348, 155 P. 528; Bellamy, Adm'x, v. Bellamy, 93 Okla. 286, 220 P. 844; Vance v. Whitten, 51 Okla. 1, 151 P. 567; Cunningham, Adm'r, v. Phillips, 4 Okla. 169, 44 P. 221; Scott v. Scott, 111 Okla. 96, 238 P. 468; Purdy v. Chambers, 128 Okla. 118, 261 P. 216; Miracle v. Jones et al., 141 Okla. 264, 284 P. 859. Jones, Comm. on Evidence (2d) vol. 5, sec. 2262, states: "This view is concurred in by the majority of the courts." In Barrows v. Alford, 129 Okla. 265, 264 P. 628, it was stated: "If the facts here do not establish a 'communication had personally by such party,' they undoubtedly come within the inhibition of 'in respect to any transaction.' The force of the statute cannot be avoided or circumvented. * * *" American Trust Co. v. Chitty, 36 Okla. 479, 129 P. 51; Nolan v. Mathis, 134 Okla. 79, 272 P. 868; Cooper v. Wood, 1 Colo. App. 101, 27 P. 884; Adams v. Morrison, 113 N. Y. 152.

"The prohibition * * * should be construed not only to prevent the introduction of direct proof of such transaction, but to prevent its proof by indirection as well." Jones, Commentaries on Evidence, vol. 5, p. 4367, par. 2262.

Departure was made from this rule as reflected in the third paragraph of the syllabus in Sinclair v. Stringer, 80 Okla. 218, 195 P. 771, wherein it was stated:

"In such an action testimony by the plaintiff that she worked in the home of the deceased as a practical nurse when the latter was at home and could not have been ignorant of such services, testimony as to the duration of such services, the reasonable value thereof, and that she had not been paid, is not testimony in respect to a transaction or communication had by her with a deceased person within section 5049, Rev. Laws 1910."

This latter statement has been repeated in the following cases: Miller, Adm'r, v. Nanny, 91 Okla. 150, 216 P. 662 (decision therein upon failure to object to the competency of witness rather than the testimony); Hutchings v. Winsor, Ex., 92 Okla. 37, 217 P. 1044. (Therein the defendant merely negatived by his testimony any transaction had with deceased. Thus denying the alleged transaction upon which the suit was based.) 40 Cyc. 2317; 28 R. C. L. 497.

This court expressly overrules the latter statement of the law and announces that it will hereafter follow the former rule.

This court is not unmindful of the fact that the rule herein followed may, in some instances, work a hardship upon a living person who has permitted transactions had with a deceased to rest in parol and within the limited knowledge of the survivor, so that such transactions are incapable of being established except by the living party, yet there is and can be but one purpose in the existence of such a statute which denotes the public policy, and that is to prevent designing and unscrupulous persons from prevailing with false and fraudulent claims established by their testimony alone as against the estate of deceased persons, whose lips are sealed by death. It seems to us far better to maintain the public policy, thus preventing the grossest frauds, rather than to open the door to abuse to an occasional individual who apparently possesses a just claim, but who has suffered the transaction to thus rest upon his own questionable testimony.

The cause is reversed and remanded, with directions to proceed in conformity with the views herein expressed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. McNEILL, J., concurs in conclusion. LESTER, C. J., absent.

Note.—See under (1), 16 R. C. L. 215. (2), annotation in 34 A. L. R. 362; 11 R. C. L. 192, 278; R. C. L. Perm. Supp. pp. 2896, 2913; R. C. L. Pocket Part, title Executors and Administrators, § 212.