GRANT, Adm'r, v. LATIMER.

No. 32241. Feb. 25, 1947.

*177 P. 2d 834.*

F. H. Reily and Joe H. Reily, both of Shawnee, and Donald & Donald, of Bowie, Tex., for plaintiff in error.

C. C. Wilkins, of Marietta, for defendant in error.

CORN, J. This is an appeal from a judgment of the district court of Love county quieting title in plaintiff, Wilma Latimer, as against defendant, administrator of the estate of Annie E. Burnett, to certain real estate located in Marietta, Okla.

Plaintiff filed her action alleging she owned and was in possession of premises described as lot 2, block 41, in the town of Marietta by virtue of a warranty deed from her parents, Burrell and Lillie Butts; that defendants were claiming some right, title and interest in said property by virtue of a recorded mortgage and reservation in a deed, but that such claims were inferior to her title. She then sought judgment decreeing that any interest claimed by defendants be adjudged inferior to her title, which she asked to have quieted, and that defendant be perpetually enjoined from asserting any interest in the property.

Defendant's answer admitted claiming an interest in the property as legal representative of Annie E. Burnett and denied that such claim was inferior to plaintiff's title.

By cross-petition defendant alleged plaintiff's grantors had purchased the property from his decedent for $1,250, making a note payable at rate of $10 per month secured by a duly recorded mortgage; that the mortgage was in full force and the note secured by such mortgage was past due and unpaid; and that as administrator of Annie E. Burnett defendant's lien was superior to plaintiff's claim, and asked the court to adjudge such mortgage to be in full force and effect, superior to any claim of plaintiff, and that the mortgage be foreclosed and the property sold.

Defendant's motion for judgment on the pleadings was overruled, as was the request for a jury trial, and the matter was then heard by the court. Plaintiff's case was based upon the testimony of her father and mother as her grantors. The father testified the property had been deeded to plaintiff for a valuable consideration.

Thereafter defendant introduced the unreleased mortgage and, at the trial court's direction, plaintiff's attorney finally produced the note in question, given to defendant's decedent by plaintiff's grantors, and same was introduced in evidence and defendant rested.

In rebuttal the plaintiff called Mrs. Lillie Butts, plaintiff's mother; defendant objected to the competency of the witness on the ground the witness was attempting to testify to transactions as an assignor of the deceased, such testimony not being permitted under 12 O. S. 1941 § 384.

Defendant's objection to the competency of the witness was overruled, the trial court stating:

"If she was a party I can see where your objection would be good. Here is the situation you have, this thing is going to hinge around how these parties came into possession of this note. Unless you let the gap down and let them testify I will have to go on the presumption that the note and mortgage is fully paid, the plaintiff being in possession of the note."

The witness then testified she had made payments to deceased totalling $1,070, and had paid the balance due on the note and had been given the note by deceased. On cross-examination the witness stated she did not get a release because she didn't know of the need for it and didn't ask Mrs. Burnett to mark the note paid because she thought it sufficient to have the note. The witness further testified that some of the indorsements of payments received (on back of the notes) were written by deceased, while witness herself had written others at deceased's direction.

The witness was recalled for surrebuttal testimony and objection to her competency was made and again overruled. The witness then testified that when she paid the balance on the note Mrs. Burnett gave her the note and mortgage. It should be noted at this point that there was a great deal of testimony concerning the endorsements of payments on the note, and also testimony tending to show that deceased could not have given the mortgage to the witness as claimed because the mortgage was seen in deceased's Bible while she was on her deathbed.

Five propositions are asserted in asking the reversal of this judgment. However, under the view we take of this matter, it is unnecessary to consider any proposition other than the question of the competency of plaintiff's grantors to testify concerning the transactions had with Annie E. Burnett prior to her death.

12 O. S. 1941 § 384 provides, in part, as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person; nor shall the assignor of a thing in action be allowed to testify in behalf of such party concerning any transaction of communication had personally by such assignor with a deceased person in any such case; . . ."

The property in question was purchased from Annie Burnett by plaintiff's grantors, and allegedly paid for by them. Defendant's cross-petition alleged the indebtedness to be past due and unpaid. Plaintiff's defense, which was not asserted by the pleadings, was payment of such indebtedness. The only evidence of payment was the testimony of plaintiff's grantors, and the competency of the witnesses to testify was objected to strenuously by defendant, but the trial court permitted the introduction of this testimony. We hold this to be reversible error.

This section of our statute, supra, has been the subject of consideration numerous times. Since our decision in Pancoast, Adm'r, et al. v. Eldridge, 157 Okla. 195, 11 P. 2d 918, wherein we expressly overruled those cases which had departed from a strict construction of the rule (see Sinclair v. Stringer, 80 Okla. 218, 195 P. 771, and Miller, Adm'r, v. Nanny, 91 Okla. 150, 216 P. 662), the rule that such witnesses are incompetent to testify to transactions with a deceased

person in the instances enumerated in the statute, has been consistently followed. As said in Conklin v. Yates, 16 Okla. 266, 83 P. 910, to hold otherwise would throw open the way "for the greatest frauds; and, this because the lips of his adversary are closed by death."

Plaintiff asserts that defendant waived any statutory inhibition against the witnesses testifying because: (1) defendant took the lead and introduced into evidence the note in question, thus waiving the right to object to the competency of the witnesses; (2) defendant elicited additional testimony by cross-examination, and then offered his own witnesses to show the note had not been paid, thus waiving the right to object to the competency of the testimony of plaintiff's witnesses.

We pointed out in Mitchell, Ex'r, v. Koch, 193 Okla. 342, 143 P. 2d 811, that our decisions upholding this identical argument "have been definitely rejected as unsound by this court, and no longer remains the law." The Koch Case then cites Gaines Bros. Co. v. Gaines, 176 Okla. 576, 56 P. 2d 869, and quotes therefrom as follows:

" 'A party to litigation, who elicits information concerning transactions or communications with a deceased person from a witness incompetent to testify as to the same, cannot thereafter successfully object to his adversary pursuing the same line of inquiry on cross-examination . . . of the state witness." Also see Hinds v. Atlas Acceptance Corp., 178 Okla. 474, 63 P 2d 29.

We are of the opinion the rule announced in Grison Oil Corp. v. Lewis, 175 Okla. 597, 54 P. 2d 386, is conclusive of the question presented by this appeal. In paragraph 2 of the syllabus in this case we held:

"In an action to quiet title to real estate, where the plaintiff claims in part by an assignment or transfer from her husband, and depends in part upon a transaction had personally by her husband with a deceased person to the effect that a deed appearing of record from her husband to such deceased person, and in which she joined, was intended only as a mortgage given to secure money which the deceased person had furnished the husband with which to purchase the property, and that the loan had been paid, but by oversight no deed had been executed conveying the property or the interest therein claimed by plaintiff back to the husband, and it appears that the deceased person had thereafter by deed conveyed the same property to a third person, who is the adverse claimant or party in the action, the husband is incompetent to testify in behalf of plaintiff under the second clause of section 588, C.O.S. 1921, concerning the alleged agreement or understanding that the deed from such witness to such deceased person was intended only as a mortgage."

In the present appeal the plaintiff's grantors were the warrantors of her title, of a property acquired immediately from the deceased, Annie E. Burnett. To hold that the inhibition contained in section 384, supra, does not extend to them would provide an effective means of avoiding the intention of such statute. A fraudulent grantee could, by the simple expedient of conveying to a third party, and then coming in and testifying to the details of the original transaction with the original (deceased) grantor, cleanse an utterly fraudulent transaction of its impurity.

The reasoning upon which the rule is based is cogently stated in Pancoast, Adm'r, v. Eldridge, supra, in the following language.

"The court is not unmindful of the fact that the rule herein followed may, in some instances, work a hardship upon a living person who has permitted transactions had with a deceased person to rest in parol and within the limited knowledge of the survivor, so that such transactions are incapable of being established by the living party, yet there is and can be but one purpose in the existence of such a statute which denotes the public policy, and that is to prevent designing and unscrupulous persons from prevailing with false and fraudulent claims established by their testimony alone as against the estate of

deceased persons, whose lips are sealed by death. It seems to us far better to maintain the public policy, thus preventing the grossest frauds, rather than to open the door to abuse to an occasional individual who apparently possesses a just claim, but who has suffered the transaction to thus rest upon his own questionable testimony."

The judgment is reversed and the cause remanded for new trial.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, GIBSON, and ARNOLD, JJ., concur.