J. P. HESSER AND FERDINAND WESTHEIMER *et al, Partners as* FERDINAND WESTHIEMER & SONS, v. W. H. JOHNSON.

(Filed March 4, 1904.)

1. JURISDICTION—Appeal—Practice. Where an action is appealed from a justice of the peace to the district court, the district court takes merely appellate jurisdiction and no original jurisdiction, and can hear and determine the case only ·as a case within the jurisdiction of a justice of the peace.

2. **SINGLE· CAUSE OF ACTION CANNOT BE SPLIT.** Where a tort is committed by the taking at one time of several chattels, it gives but one cause of action, and the plaintiff cannot be allowed to split it and bring separate suits for separate articles. So where a sheriff having in his hands an execution makes a wrongful levy upon the property of a person not named in the execution, and by one and the same levy takes several articles of personal property at different places, and with a slight variation in time, but where all are made on the same day, and as part of the same levy and all included in one return, such taking constitutes but one cause of action, and a party cannot split such cause of action so as to confer jurisdiction upon a court where the entire value of the property would exceed the jurisdiction of such court.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before John L. Pancoast, Trial Judge.*

*F. C. Hunt* and *Fulton & Bush,* for appellant.

*Lowry & Workman,* for appellee.

Opinion of the court by

BURWELL, J.: Ferdinand Westheimer & Sons, a partnership, duly obtained a judgment in the probate court of Payne county against R. J. Bost, Charles Vickers and James Ritchey, partners as R. J. Bost & Co., for $274.00. Execution was issued and placed in the hands of the sheriff, who executed it by levying on certain personal property at the residence of and in the possession of one W. H. Johnson. The sheriff then loaded this property in a dray and hauled it away. Immediately thereafter, the sheriff went to the cold-storage room of Fred M. Stallard, located a short distance from Johnson's residence and levied on a barrel of whiskey and hauled it to the same place where he had stored the other goods. Johnson claimed to be the owner of the whiskey and the goods seized at his residence. All of the property was embraced in the one return of the sheriff. Johnson then

commenced an action in the justice's court for the whiskey, and another action for the other goods. By separating these actions in this way the jurisdiction was within the justice's court, but by combining all in one suit the amount was greater than one hundred dollars, or the justice's jurisdiction. The defendants, appellants in this court, insisted that the seizing of this property by the sheriff under the execution, even if wrongful, constituted but one tort, and therefore only one action could be maintained. These objections (the facts upon which they were based being admitted) were overruled, trials had and appeals taken to the district court; and, after trials there, both cases were appealed to this court.

We think the defendant was correct in his position. The property was all taken under one execution, and, in law, under the facts of this case, if the taking was wrongful, will be treated as one continuous tort. Therefore, Johnson can maintain only one action for the value of the property. The mere fact that the case was finally tried in the district court does not change the rule, as it only acquired appellate jurisdiction.

The facts in this case are identical with those in the case of *Ferdinand Westheimer & Sons v. W. H. Johnson,* decided at the last term of this court, and the rules therein announced are here followed.

This case is here reversed, and remanded with directions to the district court to dismiss the cause of action without prejudice at the cost of appellee, W. H. Johnson.

Pancoast, J., who presided in the court below, not sitting; Burford, C. J., absent; all the other Justices concurring.