1. WILLS—CONTRACTS TO MAKE BEQUEST—CLAIMS AGAINST ESTATE.
    Claimant showed that previous to her marriage she had lived with deceased and his wife, and was induced to break up her home and go with her family and live with him after the death of his wife, on his promise to make her the sole beneficiary under his will. Some difficulty arose, caused by the habits of deceased distasteful to claimant, and he terminated the contract and left a last will, in which claimant was not provided for. *Held*, that she could recover the reasonable value of services rendered.
    [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 177.]

2. SAME—LIMITATIONS OF ACTIONS—ACCRUAL OF CLAIM.
    Where deceased in his lifetime had promised claimant for services rendered to remember her in his will, limitations did not begin to run against her claim until the death of decedent.
    [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 179.]

3. EXECUTORS AND ADMINISTRATORS—CLAIM AGAINST ESTATE.
    Where one, since deceased, had specifically promised to pay for certain services rendered by making a testamentary provision, the claim for services cannot be defeated, on failure to make such provision, on the ground that the services were gratuitous.
    [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 177.]

In the matter of the estate of John Funk, deceased. Claim allowed.

Walter L. Durack, for claimant.
Chase, Cahoone & Regan, for executor.

CHURCH, S. This is a hearing upon a claim made against the decedent's estate. The claimant herein had, previous to her marriage,

resided with the deceased and his wife. Although no relation of the deceased, their relations were very friendly, and at times she was spoken of by the deceased as his adopted daughter, and at other times the claimant called the deceased "father" and "papa." The claimant married and went to live in the home provided by her husband. The deceased lost his wife and was alone in the world. He thereupon induced the claimant to break up her home and, with her family, go and live in the home owned by the deceased. This was upon a general understanding as to the household expenses and upon a further explicit promise that the deceased would make the claimant the sole beneficiary under his will. Such a will was, in fact, drafted and delivered into the claimant's possession. In the course of time the deceased became afflicted with total blindness and, of necessity, required considerable additional attention from that originally expected, among which was the almost constant reading to him of newspapers and other matter. As the deceased progressed with his illness he became ill-tempered and resorted to certain habits which were distasteful to the claimant and her family. In consequence of the friction between the parties by reason of these facts, the deceased practically terminated the contract in question. He subsequently died, leaving a will which completely ignored the claimant.

The general proposition that, where services rendered under the promise and expectation that they will be paid for by suitable testamentary provision, and upon it appearing that no such testamentary provision is made, the person rendering the services is entitled to recover for the same on a quantum meruit is too well settled to need citation of authority. The only proposition therefore to be considered is whether the facts in this case bring it within the line of authorities under which the claimant is entitled to recover. The counsel for the executor contends that, as the agreement was broken at the time that the claimant left the testator's house, the statute of limitations then commenced to run. I am unable to agree with him as to the correctness of that proposition. It is true that the relation under which the claimant was rendering the services was stopped; but, until the deceased died and left a will in which no provision was made for the claimant, the claimant could not contend that the deceased had broken his contract: and therefore the statute of limitations, in my judgment, did not begin to run until the death of the deceased.

The evidence of disinterested witnesses plainly establishes the fact that the deceased had agreed to recompense the claimant for her care and attention to him by way of testamentary provision, and, he having failed to comply with this promise, the claimant is entitled to recover the sum asked for herein. It has been suggested by the executor that under the principle that services between parent and child are presumed to be rendered gratuitously, unless the contrary is shown, the claimant cannot recover. There are two answers to this contention: In the first place, it cannot be said that the claimant stood in the relation of an adopted daughter to the deceased; in the second place, the evidence shows that, irrespective of the relationship of the parties, the deceased

had specifically promised to pay the claimant by making a testamentary provision for her.

The claim is therefore allowed and findings will be signed accordingly.

Decreed accordingly.