HOLLANDER et al. v. KAUFMANN et al.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

ASSUMPSIT, ACTION OF ⬅6(1)—ACTION ON QUANTUM MERUIT—EXPRESS CONTRACT.

The complaint alleged plaintiffs were partners engaged in the practice of law, that they performed services at the request of defendants, which defendants accepted, adopted, and ratified, bringing defendants into communication with bankers who would be able and willing to finance the incorporation of their business, but that defendants refused to consummate the transaction. The complaint further prayed recovery for the value of the services. The evidence showed that plaintiffs rendered their services under an express contract. *Held*, that there was no variance, for plaintiffs, having rendered services under a special contract, might sue on the quantum meruit, and give in evidence the special contract for the purpose of fixing the damages.

[Ed. Note.—For other cases, see Assumpsit, Action of, Cent. Dig. §§ 27, 28; Dec. Dig. ⬅6(1).]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, New York County.

Action by Barnett L. Hollander and another against Henry Kaufmann, Morris Kaufman, and Isaac Kaufmann, copartners doing business as Kaufmann Bros. From a judgment dismissing the complaint, plaintiffs appeal. Reversed and remanded.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, PAGE, and DAVIS, JJ.

John A. Garver, of New York City, for appellants.

Henry L. Scheuerman, of New York City, for respondents.

DAVIS, J. This action was brought to recover for services alleged to have been rendered by the plaintiffs at the request of the defendants. The complaint alleges that the plaintiffs were partners engaged in the practice of law, and that the defendants were partners conducting a large department store business in Pittsburgh, Pa., under the firm name of Kaufmann Bros.; that between the latter part of June, 1912, and the 11th day of October, 1912, the plaintiffs, at the request of the defendants, performed certain services for the defendants, which the defendants accepted, adopted, and ratified. The complaint goes on to specify the kind of services rendered, briefly as follows:

That the defendants wanted to dispose of their business to the public by organizing a corporation with preferred and common stock, and wanted to obtain the assistance of New York bankers to finance the project; that in 1912 the defendants had been in negotiation with a firm of bankers in New York, which negotiations had not gone on satisfactorily; that the defendants asked the plaintiffs to bring them into communication with other bankers, agreeing that, if these bankers would enter into an arrangement satisfactory to the defendants, the defendants would carry out said arrangement; that the plaintiffs brought the defendants into communication with such bankers in the city of New York; that the bankers were of a recognized reputation, experience, and standing in such matters, and were of sufficient financial ability and influence to carry out the defendants' wishes; that the defendants, through the efforts of the plaintiffs, entered into negotiations with the said bankers, and that such negotiations were carried on between the said bankers and the defendants, aided by the plaintiffs; that on or about October 11, 1912, the defendants agreed with the bankers upon terms and conditions satisfactory to both parties, by which the business of the defendants was to be incorporated upon a basis of $2,500,000, par value, preferred stock and $7,500,000 common stock; that the bankers were to purchase the whole issue ($2,-500,000, par value, of preferred stock and $1,500,000 of the common stock) by paying therefor $2,500,000 in cash.

The complaint further alleges that thereafter the defendants refused to consummate this agreement and notified the bankers that they would not do so. Then the complaint alleges that the services so rendered by the plaintiffs to the defendants were reasonably worth the sum of $350,000, that the plaintiffs had been damaged in that amount, and demands judgment for the sum of $350,000.

It thus appears that the plaintiffs sought to recover on a quantum meruit. The answer is a general denial. Under an order of the court the plaintiffs furnished the defendants with a bill of particulars, and thereafter a further bill of particulars, in which the plaintiffs set forth in minute detail the particulars of their demand, as well as a good deal of the evidence upon which they rely to prove this case.

In support of their claim the plaintiffs called as their first witness Mr. Bernheimer, one of the plaintiffs. He was questioned at length on the direct examination, and before his testimony was concluded all of the testimony given by him was stricken out by the court, on the ground that the contract testified to by the witness was at variance with the cause of action alleged in the complaint. Before taking this action the court had assurances from the plaintiffs' counsel that whatever other evidence he had to offer in support of his claim would refer to the contract as testified to by Mr. Bernheimer. This assurance was followed by an assurance from defendants' counsel that they would object to all such evidence. In view of these statements of counsel the court said that it would exclude all such evidence, and that it was therefore useless to proceed and take up the time of the court any further. The plaintiffs thus were forced to rest their case, with the statement, however, that the additional proof which they had intended to offer was evidence corroborating Mr. Bernheimer, together with evidence showing the ratification and adoption of the contract by the defendants. Thereupon the complaint was dismissed, on the ground that the contract testified to by plaintiffs' witness was different from the contract set up in the complaint.

The plaintiffs had sought to show, by the testimony which was struck out, and by the proposed testimony which was rejected by the court, a contract for services between the plaintiffs and the defendants, made through defendants' alleged agent, Theodore Kaufmann, and an adoption and ratification of that contract by defendants. The court allowed the witness to testify to conversations between Bernheimer and Theodore Kaufmann upon the promise of the plaintiffs to show subsequently the agency of Theodore Kaufmann and the ratification and adoption of the contract by defendants. It appears from this testimony, if true, that there was an agreement to render services substantially the same as those alleged in the complaint; that is, the plaintiffs were to procure bankers of high standing and financial ability to finance the enterprise of the defendants upon terms acceptable to the defendants, and bring the negotiations to a point where the bankers and defendants should come to an agreement upon the terms and conditions satisfactory to both parties. The witness testified that in consideration of these services the plaintiffs were to receive from the defendants a promoter's compensation. But, as already stated, the plaintiffs' testimony was eliminated from the case. In their complaint the plaintiffs declared upon an implied assumpsit, and sought to recover the reasonable value of their services. The testimony showed an express agreement to render the very services set forth in the complaint, and the right to compensation depended upon the same fact—the bringing of the parties to an agreement as to terms and conditions.

We fail to see any variance between the agreement as testified to and the cause of action alleged in the complaint. It is simply a case where the plaintiffs, having rendered services under a special contract, sue upon a quantum meruit, and give in evidence the special contract for the purpose of fixing the damages—i. e., the value of the services—a course quite usual and well supported by authority. Farron v. Sherwood, 17 N. Y. 227; Boyd v. Vale, 84 App. Div. 414, 82 N. Y. Supp. 932; Rubin v. Cohen, 129 App. Div. 395, 113 N. Y. Supp. 843.

. We think the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.