**POOLE, Ex'r, v. JANOVY.**

No. 18299. Opinion Filed June 19, 1928.

(Syllabus.)

1. **Action—But One Cause of Action Stated in Suit Against Administrator for Value of Services Rendered to Decedent at Different Periods.**

In an action against an administrator or executor of the estate of a deceased person to recover the reasonable value of services rendered under an alleged agreement between such deceased person and the plaintiff, there is but one cause of action, though the petition alleges that the services were rendered under said agreement at different periods.

2. **Wills—Frauds, Statute Of — Recovery Against Estate for Value of Services Rendered to Decedent Under Agreement to Will Property not Affected by Statute of Frauds.**

Where services are performed in pursuance of a contract to leave property by will to the promisee, and the promisor fails to comply with the agreement, a recovery may be had against his estate for the reasonable value of the services. The right to recover is not affected by the fact that the contract is void under the statute of frauds.

3. **Same—Limitation of Actions—Running of Statute Against Claim Started by Death of Promisor.**

The statute of limitations against actions or claims growing out of a promisor's noncompliance with an agreement to make provision by will for the promisee to compensate for such services commences to run at the time of promisor's death, and not before. No right of action accrues to the promisee until the death of the promisor and his failure to comply with the agreement.

4. **Same—Executors and Administrators— Absence of Variance Between Claim Filed with Executor and Petition in Suit for Value of Services Rendered Decedent.**

When a claim is filed with an executor for the reasonable value of services rendered to the decedent, and the petition alleges an agreement by decedent to make provision in his will for such services, and that the services were rendered in pursuance of such agreement and that decedent failed to comply with the agreement, there is no variance between the claim and the allegations of the petition.

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; G. W. Clark, Judge.

Action by Rose Janovy against J. S. Poole, executor of the estate of W. D. Poole, deceased. Judgment for plaintiff, and defendant brings error. Affirmed.

Geo. A. Fitzsimmons, for plaintiff in error.

Gomer Smith, Hoyt & Stephens, and W. G. Hickok, for defendant in error.

DIFFENDAFFER, C. This action was commenced by Rose Janovy, defendant in error, hereinafter referred to as plaintiff, against J. S. Poole, executor of the estate of W. D. Poole, deceased, hereinafter referred to as defendant, in the district court of Oklahoma county, to recover the sum of $3,270. The basis of plaintiff's action, as shown by the amended petition upon which the cause was tried, was, in substance, that on or about the 1st day of June, 1912, at which time plaintiff was about 13 years of age, W. D. Poole, who was then the owner of certain real estate in Oklahoma City, and who had no dependents nor any one whom he felt was entitled to his bounty in the event of his death, made plaintiff a proposition that if she would make her home with him, take care of him during his lifetime, do his washing, cook his meals, do his chores, and wait upon him in his illness, and give him such physical care as his wants required, at the time of his death he would make her heir to all his property; that this proposition was accepted by plaintiff, the agreement being oral, and pursuant thereto she took up her residence in his home, and relying on said agreement, which was constantly repeated and ratified thereafter, she performed the services to the complete satisfaction of said W. D. Poole, from June 1, 1912, to January 1, 1916, three years and six months; from June 1, 1918, to August 1, 1921, three years and two months; and from August 1, 1922, to February 19, 1924, the date of his death, in all 109 months; that the services were performed by plaintiff in good

faith, and were accepted in good faith, and that such services were reasonably worth $1 per diem; that W. D. Poole died February 19, 1924, and it developed that in violation of said agreement, he had left a will. in which he had devised his property to other persons, and had failed to carry out the agreement with plaintiff; that J. S. Poole was appointed executor of the will; that plaintiff had never been compensated for her services, and that by reason of the repudiation of the agreement, though it had been fully performed by plaintiff, he and his estate became liable to pay plaintiff the reasonable value of her services so rendered, in the sum of $3,270; that the will had been admitted to probate, and J. S. Poole had been appointed executor of the will, had qualified as such, and entered upon the performance of his duty.

The petition alleged the timely presentation by plaintiff to defendant of her claim verified, as required by law, and the failure of defendant to allow or reject the same within ten days after its presentation. A copy of the claim was attached to the petition as an exhibit and made a part thereof. The claim is for personal services, housemaid, housekeeper, nurse, laundress, and general looking after W. D. Poole in his lifetime, at $30 per month; refers to the agreement to pay for such services; and sets out the months for which the services were claimed substantially as in the petition.

Defendant filed a motion to require plaintiff to separately state and number her several causes of action. This motion was overruled, and a demurrer was filed and overruled. The answer admits that defendant is the executor of the estate of W. D. Poole, deceased, denies generally all the other allegations of plaintiff's petition; alleges a fatal variance between the claim filed and the agreement pleaded in the petition; that the agreement, if made, was illegal and void as within the statute of frauds, in that it concerned real estate, and as one not to be performed within one year, and not in writing; that if the agreement was entered into, it had been breached by plaintiff, in that from January 1, 1916, to January 1, 1918, two years, and from August 2, 1921, to August 1, 1922, one year, plaintiff had failed and refused to perform her duties as required by the contract; and that everything claimed by plaintiff prior to February 2, 1921, is barred by the statute of limitation. Plaintiff replied by way of a general denial.

The issues as thus joined were tried to a jury resulting in a verdict in favor of plaintiff fixing the amount of her recovery at $2,-400. Motion for new trial being filed and overruled, judgment was entered upon the verdict. From this order and judgment, defendant brings this appeal.

The petition in error contains six assignments of error: (1) Error in overruling the motion to separately state and number the several causes of action. (2) Error in overruling the demurrer to the amended petition. (3) Error in overruling objection to the introduction of any evidence. (4) Error in overruling objection to introduction of the purported claim. (5) Error in overruling demurrer to plaintiff's evidence, and (6) error in overruling motion for new trial.

Under the first assignment, defendant contends that if there is any cause of action stated in the petition, there are three different separate causes of action representing the three separate periods of time during which plaintiff alleges she performed service. We think this contention is without merit. Plaintiff alleges but one agreement to render services, and but one agreement to compensate therefor. The allegation of plaintiff's petition is that this agreement was constantly repeated and ratified. The fact that services were rendered at different times under the same agreement would not require that a separate cause of action be stated for each period. Defendant cites no authorities in support of this assignment, and we have found none supporting it.

The second and third assignments raise the same question, that is, Does the petition state facts sufficient to constitute a cause of action?

It is first contended that the petition failed to state a cause of action for the reason that the statute of frauds requires a contract or agreement such as was alleged in the petition to be in writing. Defendant cites a number of authorities which will be found collected in 27 C. J. 208, to the effect that promises to devise real estate to the promisee, or mutual agreements between parties to make each the devisee of each other's real estate, or that wills made in pursuance of such agreements shall be irrevocable except upon agreement or notice, are within the statute of frauds.

We have examined all the cases cited, and we think they have no application to cases of the character here involved. An examination of those cases will disclose that the reason for the rule there announced is, that in that line of cases the actions were for specific performance of such contracts.

It is conceded by plaintiff that the agree-

ment could not be enforced in an action for specific performance, but this is not such an action.

In 40 Cyc. 1069, the rule covering the instant case is stated as follows:

"But where services are performed in pursuance of a contract to leave property by will to the promisee, and the promisor fails to comply with the agreement, a recovery may be had against his estate for the reasonable value of the services, less such amount as had been actually paid. The right to recover is not affected by the fact that the contract is void under the statute of frauds."

The text is abundantly supported by authorities from some 20 states. In Hudson v. Hudson, 87 Ga. 678, 13 S. E. 583, it was held:

"A son breaking up a home and removing himself and family to the residence of his infirm father, upon an express promise by the latter to will him his home place if he would attend to and take care of him for life, and performance by the son but failure to perform by the father, who became and died insane, would entitle the son to recover of the father's administrator upon a quantum meruit."

In Updike v. Ten Broeck, 32 N. J. Law, 105, it was held:

"An action by a son against the estate of his deceased father, for compensation for services rendered after he became of age, may be maintained, when it is shown that the work was done under an agreement made between the father and son, that the son should be satisfied for his services at the death of the father. Such a contract need not be in writing."

In Raycraft v. Johnston, 41 Tex. Civ. App. 466, It was held:

"A cause of action for services rendered by a niece for her uncle on the faith of his parol promise to give her at his death all his estate accrues on the uncle's failure to perform his agreement, which takes place on his death without giving her his estate."

See, also, Wallace v. Long, 105 Ind. 522, 5 N. E. 666; In re Williams, 106 Mich 490, 64 N. W. 490; Robinson v. Raynor, 28 N. Y. 494; Matter of Funk, 98 N. Y. Supp. 934; Ellis v. Carey, 74 Wis. 176, 42 N. W. 252; Goodloe v. Goodloe, 116 Tenn. 252.

It is next urged that the demurrer should have been sustained for the reason that the cause of action was barred by the statute of limitation. It is contended that the petition alleges that the agreement was made June 1, 1912, and being oral the action is barred in three years after that date. This contention cannot be sustained. In 40 Cyc.

1071, the rule as to time to sue and limitations is stated as follows:

"The statute of limitations against actions or claims growing out of a promisor's noncompliance with an agreement to make provision by will for the promisee commences to run at the time of the promisor's death and not before. No right of action accrues to the promisee until the death of the promisor and his failure to comply with the agreement."

Where the promise is made in consideration of services performed, the action to recover for such services, on failure of the promisor to make provision in the will, can be brought within the statutory period after the promisor's death without regard to how long before the services were rendered. Bair v. Hagar, 97 N. Y. App. Div. 358, 90 N. Y. Supp. 27; Waddell v. Waddell (Tenn.) 42 S. W. 46; Updike v. Ten Broeck, 32 N. J. L. 105.

There was no error in overruling the demurrer to the petition.

The next proposition urged is that the court erred in admitting in evidence the claim filed with the executor. It is claimed that there is a fatal variance between the claim as filed and the agreement pleaded. This might be true, if plaintiff was seeking to enforce the contract and to recover the specific property, but as plaintiff was suing for the reasonable value of the services rendered, and the claim conformed to this theory, there was no variance and no error in admitting the claim in evidence.

The next assignment is that the court erred in overruling defendant's demurrer to plaintiff's evidence. On this point it is contended that, since plaintiff did not produce a witness who was present on June 1, 1912, and heard the agreement between deceased and plaintiff, and she being an incompetent witness as to the conversation, the proof of the agreement wholly fails, and for that reason plaintiff cannot recover. This contention, we think, is fully met in Griffith v. Robertson, 73 Kan. 666, 85 Pac. 748, wherein the court in discussing this question said:

"* * * And a contract, if any existed, may be established by any competent evidence. It is not essential that a formal offer and acceptance, in writing, or otherwise, be shown. In the absence of more direct evidence, the fact may be established by circumstance. An express contract exists whenever there is a mutual meeting of the minds upon any contractual proposition. The essential contractual proposition in this case is this: Were the services in question to be paid for? What was the mutual understanding of these parties upon this subject? This was a proper

question for a jury, and that tribunal has answered it in the affirmative."

In the instant case, there is abundant evidence and circumstances tending to establish the contract so as to require the submission of the question to the jury.

The demurrer to the evidence was properly overruled. The case was fairly tried and the issues submitted to the jury under proper instructions, which were not excepted to, and the issues found in favor of the plaintiff.

No error appearing in the record, the judgment should be affirmed.

BENNETT, LEACH, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note—See under (1) 1 C. J. p. 1057, §191. (2) 40 Cyc. p. 1070; anno. 44 L. R. A. (N. S.) 750; 25 R. C. L. p. 589 et seq. (3) 40 Cyc. p. 1071. (4) 24 C. J. p. 748, §1840.