## LABENNE v. KAUFMAN.

No. 28634.    April 4, 1939.

E. J. Gilder, for plaintiff in error.

Steele & Boatman, for defendant in error.

RILEY, J. E. Kaufman, defendant in error, recovered judgment upon the verdict of a jury against A. Labenne, plaintiff in error. From the judgment and an order overruling a motion for a new trial, the latter appeals. The parties will be referred to as they appeared below.

Plaintiff's first cause of action sought judgment on a promissory note in the amount of $936, signed by defendant and payable to the West Tulsa State Bank. The note was endorsed by the plaintiff and by him paid after default by defendant. The note was secured by a chattel mortgage upon certain oil well equipment.

Plaintiff's second cause was to recover sales tax in the amount of $18.60, paid for the purchase of certain oil well casing for which the above note was given.

Plaintiff alleged two other causes of action, but for the purposes of this case they need not be further mentioned.

The execution of the note and mortgage was admitted in defendant's answer, but defendant alleged that plaintiff sold him 1,560 feet of casing; that the note was given in payment therefor, and made payable to the West Tulsa Bank for the convenience of and at the request of plaintiff. The answer further properly alleged a breach of oral warranty of good condition; that said pipe leaked water into an oil well, ruining the same; that defendant offered to return said pipe to plaintiff, who refused; and alleged various items of damage caused by the breach of warranty for which he pleaded a counterclaim in the amount of $7,236.40.

By reply plaintiff denied the allegations of defendant's answer and counterclaim, and further pleaded the casing was second-hand; that defendant fully inspected and selected the pipe purchased.

Defendant contends the trial court erred in giving instruction No. 7, as follows:

"* * * Your verdict should be for the plaintiff for such sum as you may find by a preponderance of the evidence is due upon the note and mortgage sued upon. * * * You shall find for the plaintiff upon his second cause of action in such sum as you may find from a preponderance of the evidence was the amount of the sales tax paid by the plaintiff to the state upon the transaction involved in this lawsuit.

"* * * In the event you find for the defendant on his counterclaim, you shall compute the amount of difference between what is owing the plaintiff and what is owing the defendant and render your verdict accordingly."

Considered alone the above instruction is subject to criticism. But the law applicable to this case is succinctly stated in paragraph No. 2 of the syllabus to White v. Little, 131 Okla. 132, 268 P. 221, as follows:

"Instructions must be considered as a whole and construed together, and while a single instruction standing alone may be subject to criticism, yet, when the instructions, when taken together in their entirety, fairly submit the issues to the jury, the judgment of the trial court on the verdict of the jury will not be disturbed. It is not necessary that any particular paragraph of the instructions contain all the law of the case; it is sufficient if, when taken together and considered as a whole, they fairly present the law applicable to the issues in the pleadings upon which competent evidence has been introduced."

Instruction No. 4, in effect, instructed the jury that if they found, at the time of the purchase of the casing, plaintiff made an express warranty of the quality and condition of the casing, there was no obligation on the part of the defendant to inspect, but he had the right to rely on the warranty.

By instruction No. 6, the jury was instructed that if they found, at the time of the sale of the casing, that plaintiff represented that the same was sound and in good condition, and if they found the same was unsound and not in good condition, defendant would be entitled to a credit on the amount sued for by plaintiff to the extent of the difference in the sale price and the actual value of the casing.

Instruction No. 8 is as follows:

"* * * If you find by a preponderance of the evidence that at the time of the sale of said casing by the plaintiff to the de-

fendant the defendant informed the plaintiff that he wanted said casing to run in an oil well he was drilling to shut off water in said well, and that the plaintiff * * * knew that such was the purpose for which the defendant was buying said casing, and if you further find by a preponderance of the evidence that at said time the plaintiff represented to and stated to the defendant that said casing was sound and in good condition and would shut off said water and that the defendant relied upon said representation and statement of the plaintiff, * * * and if you further find by a preponderance of the evidence that at the time of the sale * * * said casing was not sound and not in good condition, but was leaky casing with holes therein and would not shut off the water in said well * * * that on discovery of said condition of said casing by the defendant he offered to return said casing to the plaintiff and demanded a return of said note and mortgage he had given for said casing, and that the plaintiff refused said offer, then in that event the defendant thereafter had the right to make an honest effort to use said casing for the purpose for which it was sold him, and if you further find by a preponderance of the evidence that the defendant thereafter made an honest effort in good faith to use said casing for the purpose for which it was sold him and thereby incurred expense and loss, then in that event the defendant is entitled to special damages against the plaintiff, if you find by a preponderance of the evidence that he suffered any special damages as the proximate result of the unsound condition of said casing and his honest effort in good faith to use said casing to shut off said water, * * * in determining the amounts of such special damages you may take into consideration the expense you may find from the evidence was reasonably incurred by the defendant in honestly and in good faith attempting to use said casing, * * * such as his own labor, if any, and the cost of other labor, if any, the reasonable cost of fuel necessary in making such effort, if any, and loss, if any, because of the wear and tear on defendant's tools used in attempting to shut off said water and the value of said oil well, if any, if you find by a preponderance of the evidence that the said oil well was lost because of the unsound condition of said casing all not to exceed the amount of such damages claimed in the total amount of $7,236.40, and in the event the amount of said damages, if any, exceeds the amount which you find from the evidence is due the plaintiff by the defendant, then in that event you must find a verdict in favor of the defendant and against the plaintiff for the amount of such excess."

By instruction No. 11, the jury was instructed not to single out any particular instruction or paragraph thereof, but to consider the instructions as a whole, and in connection with each other.

It must be remembered there is no dispute as to the execution, ownership, or amount of the note, or the execution and assignment of the mortgage, or the amount of the sales tax.

Before a case will be reversed by this court because of giving a certain instruction, it must clearly appear that the instruction complained of caused a miscarriage of justice. Schaff, Rec., v. Coyle et, al., 121 Okla. 228, 249 P. 947.

Defendant's contention would become serious had there been any dispute as to the note and mortgage, but when the issues presented by the pleading and evidence and all the instructions given by the court are considered, it does not clearly appear that instruction No. 7 caused a miscarriage of justice.

The judgment of the lower court is affirmed, and in accordance with the request of defendant in error, judgment for $954.60, with interest at the rate of 10 per cent. from date of judgment below, for $100 attorney fees, and all costs, is hereby rendered in favor of the latter against Dinorah Labenne and Chas. Wails, sureties on the supersedeas bond.

BAYLESS, C. J., and OSBORN, GIBSON, and HURST, JJ., concur.