## BUMCROTS v. ALBERTI.
### No. 2578.

Circuit Court of Appeals, Tenth Circuit.

Jan. 4, 1943.

758

Neal A. Sullivan, of Newkirk, Okl., for appellant.

Irving D. Ross, of Newkirk, Okl. (T. J. Sargent, of Newkirk, Okl., on the brief), for appellee.

Before PHILLIPS and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

George Alberti brought this action against Nancy Ann Bumcrots, executrix of the estate of Pete Mitchell, deceased, to recover for personal services alleged to have been rendered by Alberti to Mitchell during the latter's lifetime. In his complaint Alberti alleged that in 1925 he and Mitchell orally agreed that he would render Mitchell aid and assistance in the care and management of his property and business affairs and would minister to his personal wants, and that Mitchell would fully, fairly, and adequately compensate him for such services by testamentary devise or bequest; that on December 24, 1929, Mitchell made a will by which he devised to Alberti a house and lot in Newkirk, Oklahoma; that at the time the will was made the house and lot were worth $1,000, and was adequate compensation to Alberti for the services rendered up to that date; that Alberti fully performed the oral agreement on his part; that the services rendered by Alberti to Mitchell were at the latter's instance and request, were accepted by Mitchell, and were fairly and reasonably worth the sum of $12,000; that the property devised to Alberti by the will was of the value of $250; that Alberti was willing to accept such devise as a part payment; that he had filed a claim against the estate of Mitchell for the reasonable value of the services, and that the claim had been disallowed.

The trial court found that Alberti and Mitchell entered into an oral contract whereby Alberti agreed to aid and assist Mitchell in the care and management of his property and business affairs and minister to his personal wants and needs, and whereby Mitchell agreed to compensate Alberti therefor by testamentary provision, and that Alberti had rendered personal services to Mitchell which were reasonably worth the sum of $2,500 over and above the property devised to Alberti. It awarded judgment for $2,500, with interest from the date of the judgment at six per cent per annum until paid. The executrix has appealed.

In Oklahoma, where services have been rendered in pursuance of a contract to leave property by will to the promisee, and the promisor fails to comply with the agreement, the promisee can recover the reasonable value of the services from the promisor's estate, even though the contract is void under the statute of frauds.[1]

---

[1] Poole v. Janovy, 131 Okl. 219, 268 P. 291, 292.

In Pancoast v. Eldridge, 134 Okl. 247, 273 P. 255, the court approved the rule announced in Poole v. Janovy, supra. On second appeal, Pancoast v. Eldridge, 157 Okl. 195, 11 P.2d 918, 919, the court said:

"This court held, on the former appeal, that specific performance would be denied for the evidence adduced to establish the oral contract was not clear, cogent, and convincing. It was stated in the former opinion that the facts in this case are similar to the facts in Poole v. Janovy, 131 Okl. 219, 268 P. 291. It was also stated: 'While the facts in the case at bar do not entitle the plaintiff to specific performance of the contract, they do entitle him to recover for the reasonable value of the services performed for and on behalf of the decedent.'

"It is significant that a quantum meruit recovery there suggested is vastly different from a specific performance or damages, to the value of the property involved, for breach of the alleged contract. * * *

"The facts in this case are similar to those in the Janovy case, but the pleadings are vastly different. There the reasonable value of services rendered was sought—herein is sought a conveyance of property as if by will. That was an action at law—this is thus far an equitable action. Therein a trial to a jury was had —herein a jury trial was denied. Therein a timely presentation of a claim to the executor was alleged—herein there is no such allegation.

"Therein it was conceded, by plaintiff, that an oral agreement to devise real property could not be enforced in an action for specific performance—herein the factum of the alleged agreement was adversely determined.

■ Where an express contract, not under seal, has been fully performed on plaintiff's part, and nothing remains to be done under it but the payment of money by defendant, plaintiff may declare specially on the contract, or generally in indebitatus assumpsit, at his election.[2] In such a case, the plaintiff does not repudiate the contract nor seek to avoid it, and, under his common count in indebitatus assumpsit as for a quantum meruit, he may introduce the contract and proof of compliance therewith in support of his claim.[3]

■ Moreover, if the services were rendered at the special instance and request of Mitchell, under circumstances negativing any presumption that they were gratuitously performed, the law would imply a promise on the part of Mitchell to pay the reasonable value thereof.[4]

Here, the complaint alleged an oral contract, full performance thereof by Alberti, presentation of a claim for the reasonable value of the services rendered, less a credit for the property devised, and rejection of the claim. It further alleged that the services were rendered at the special instance and request of Mitchell and that they were fairly and reasonably worth $12,000, and sought recovery for the reasonable value of such services, less the value of the property devised.

■ We think the complaint should be regarded as seeking a recovery upon a quantum meruit.

■ Where the remedy of quantum meruit is resorted to to recover the reasonable value of services rendered under an oral contract to will property, the quantum of proof required is not as strict as where the action is in equity for specific performance. It is only essential to produce sufficient evidence of a contract to negative any presumption that the services were gratuitously performed.[5]

The evidence was not sufficient, in our opinion, to sustain a recovery upon the express contract. The evidence did, however, establish that the services were rendered at the special instance and request of Mitchell and that they were accepted by him under circumstances raising an implied promise to pay a reasonable value thereof, and, in our opinion, sustained the claim of quantum meruit.

■ It is a settled principle of equity that there is an implied condition, where none is expressed in the will, that one who accepts a benefit thereunder must adopt the whole, conform to all its provisions, and renounce every right inconsistent with it.[6]

■ But here, the will directed that the debts of the testator be paid. The acceptance of the devise by Alberti as part payment of his claim was not inconsistent with the provisions of the will, where it was clearly insufficient to compensate him for the services rendered.[7]

The judgment is affirmed.

"The cause must be reversed. If plaintiff can amend his petition to state a cause of action at law, for a quantum meruit recovery, if he can plead presentation to and rejection by the administrator of a claim for services rendered the deceased, Brown, he should be permitted so to do."

See, also, Pasley v. De Weese, 183 Okl. 424, 82 P.2d 1066, and Note, 69 A.L.R. 90.

[2] Wolfe v. Prairie Oil & Gas Co., 10 Cir., 83 F.2d 434, 438; United States Potash Co. v. McNutt, 10 Cir., 70 F.2d 126, 129; Dermott v. Jones, 2 Wall. 1, 9, 17 L.Ed. 762; 7 C.J.S., Assumpsit, Action of, § 9, p. 116.

[3] American Surety Co. of N. Y. v. Fruin-Bambrick Const. Co., 182 Mo.App. 667, 673, 166 S.W. 333, 335; Hollander v. Kaufmann, 172 App.Div. 218, 158 N.Y. S. 195, 198; 5 C.J. § 17, p. 1386.

[4] Pancoast v. Eldridge, 134 Okl. 247, 273 P. 255, 256; Poole v. Janovy, 131 Okl. 219, 268 P. 291, 292; Note, 69 A. L.R. p. 90.

[5] Pancoast v. Eldridge, 134 Okl. 247, 273 P. 255, 256; Id., 157 Okl. 195, 11 P.2d 918, 919; Note, 69 A.L.R. p. 101.

Cf. In re Shaffer's Estate, 205 Pa. 145, 54 A. 711, 713.

[6] Crawford v. Briant, 10 Cir., 53 F.2d 754, 757, 758; Garrett Company v. Collins, 103 Okl. 153, 229 P. 569; Utermehle v. Norment, 197 U.S. 40, 57–59, 25 S.Ct. 291, 49 L.Ed. 655, 3 Ann.Cas. 520.

[7] Porter v. Dunn, 131 N.Y. 314, 30 N. E. 122; In re Rohrer's Estate, 160 Cal. 574, 117 P. 672, 673, Ann.Cas.1913A, 479; Reynolds v. Robinson, 64 N.Y. 589, 593, 594; McNaughton v. McClure, 169 Wis. 288, 171 N.W. 936, 938; 34 C. J.S., Executors and Administrators, § 373, p. 120; 21 Am.Jur., § 327, p. 567.