MAGNOLIA PETROLEUM CO. v.
NORVELL et al.

No. 34671. Jan. 22, 1952.

*240 P. 2d 80.*

Walace Hawkins, Dallas, Tex., and Wendell J. Doggett, Oklahoma City, for plaintiff in error.

Roff & Roberts and W. M. Haulsee, Wewoka, for defendants in error.

BINGAMAN, J. The defendant, Magnolia Petroleum Company, appeals from a verdict and judgment against it in favor of plaintiffs in the amount of $1,000, for damage to surface rights in connection with the development of an oil and gas lease. The damages claimed arise from the development of a single oil and gas lease covering an 80-acre tract. Five wells were drilled on the tract within a period of a few months and the pits of an earlier well were changed during this same period. One of the plaintiffs in the present action was one of the original lessors and the other plaintiffs are heirs of the other lessor. The plaintiffs divided their petition into six different divisions, each applying to a single well and each separate division was denominated a cause of action, resulting in six alleged causes of action.

Although timely request was made by the defendant for separate verdicts on each of these separately stated causes of action, the trial court refused to require separate verdicts and received and rendered judgment on a general verdict in the amount of $1,000, on all the alleged causes of action. This action of the trial court is assigned as error and it is urged the case should be remanded for a new trial and separate verdicts required. This objection is answered by a consideration of whether the petition states more than one cause of action regardless of how divided or denominated by the plaintiff.

The alleged damage is to a single tract of land all covered by one oil and gas lease. The action is between the parties to the lease. The development of the tract was carried on as a continuous operation and practically all of the alleged damage is the result of

the construction of the system of roads to these locations.

In 1 Am. Jur., Actions, §97, the author observes:

"No precise rule for determining what makes an entire cause of action can be laid down; this often depends upon the facts of the particular case. One of the principal tests of identity of causes is said to be the identity of the facts essential to the maintenance of the several actions; if the same evidence will support both actions, there is deemed to be but one cause of action."

Considering the splitting of causes of action the Territorial Court, in Hesser v. Johnson, 13 Okla. 747, 76 P. 181, held that where a tort was committed by the taking at one time of several chattels it gives but one cause of action. In Kansas City, M. & O. Ry. Co. v. Shutt, 24 Okla. 96, 104 P. 51, this court held the wrongful burning of a barn gave rise to but one cause of action where the barn was insured and part of the loss paid by the insurance company.

The distinction, where two or more noncontiguous tracts of land are involved, was pointed out in Akin v. Bonfils, 67 Okla. 123, 169 P. 899, and it was held the injury to each was a separate cause. In the case at bar the extension of the same act of injury in the building of the road is the cause. The drilling of separate wells was not the injury giving rise to the cause of action. The defendant had the right to drill the wells. It was held in Stone v. Case, 34 Okla. 5, 124 P. 960, that: " 'A "cause of action" is generally held to be a union of the right of plaintiff and its infringement by the defendant.' " Also, in the same case, we said: "The wrong, per se, the act of infringement, if it be a wrong for which a remedy is afforded, constitutes the cause of action."

In the case of Franklin Drilling Co. v. Jackson, 202 Okla. 687, 217 P. 2d 816, although there was apparently no issue raised as to the form of pleading, various items of damage were considered as such under one cause of action. In Atlantic Refining Co. v. Pack, 198 Okla. 447, 180 P. 2d 840, we held the damage to noncontiguous tracts to be separate causes of action and the damage to one tract resulting from the separate pollution of two streams were held to be two causes of action. In Davon Oil Co. v. Steele, 186 Okla. 380, 98 P. 2d 618, where damages to the tract being developed consisted of injury from the drilling operations, as well as flooding from adjacent wells operated by the lessee, we held that the petition contained more than one cause of action and that consequently there should be separate verdicts. In Poole v. Janovy, 131 Okla. 219, 268 P. 291, where recovery was sought for services rendered at different periods, it was held that but one cause of action was stated.

The right of the plaintiffs here was to have this lease developed without unnecessary injury to this tract of land. The infringement by the defendant was in the unnecessary injury to the tract. Under the circumstances of the case, we conclude there is but a single cause of action.

It is further urged that the plaintiffs' claim, whether one or more causes of action, is barred by limitations. The parties are in agreement that the two-year statute of limitations applies. They are also in agreement that the only damages sought are for the permanent injury to the property.

It is also conceded that the statute begins to run when it becomes obvious that the injury is a permanent one. The City of Tulsa v. Grier, 114 Okla. 93, 243 P. 753, City of Tulsa v. Springfield Life Ins. Co., 157 Okla. 218, 11 P. 2d 493, and Commercial Drilling Co. v. Kennedy, 172 Okla. 475, 45 P. 2d 534. This action was commenced on May 2, 1949. On October 21, 1947, less than two years prior to the commencement of this action, the claim agent for the defendant wrote one of the plaintiffs, stating adjustment of the

damage had been delayed until the lease could be returned to its normal condition and the extent of the damage ascertained. One of the plaintiffs, testifying in regard to the matter, testified that the extent of the permanent injury only became apparent following the spring rains in the year in which the suit was brought. The damage here complained of is largely a matter of erosion. As to when this became apparent was a question of fact which was submitted to the jury and decided adversely to the defendant.

It is also urged the court erred in failing to give defendant's requested instruction No. 13. Instructions Nos. 10, 11 and 12, given by the court, in our opinion, covered this issue fully. We have numerous times held that where the instructions given reasonably state the law applicable to the case, the cause will not be reversed for failure to give a particular requested instruction. See Breshears v. Wright, 180 Okla. 553, 71 P. 2d 455. Also, Labenne v. Kaufman, 184 Okla. 565, 89 P. 2d 281, and Equels v. Tulsa City Lines, Inc., 194 Okla. 79, 147 P. 2d 460.

The defendant further urges the trial court erred in refusing to continue the cause because one of the plaintiffs was then serving on the jury panel. The trial court excused, on his motion, any juror who had served on a case with the plaintiff. When one such juror was excused counsel for the defendant, in open court, waived any disqualification of the particular juror. No authorities are cited and we know of none which makes it mandatory on the trial court to continue the case of any litigant who may happen to be on the jury panel at the time his case is called for trial. Continuance of any case is in the sound discretion of the trial court and when it appears, as it does in this case, there has been no abuse of that discretion, the judgment will not be disturbed for such reason. 12 O. S. 1951 §667; Hope v. Gordon, 174 Okla. 368, 50 P. 2d 669.

It is finally urged the verdict is contrary to the evidence and excessive. There is evidence to support the verdict as well as evidence that the damage is in excess of the verdict. We have often held that in an action of legal cognizance, where the evidence reasonably tends to support the verdict, it will not be disturbed on appeal. See Union Transportation Co. v. Lamb, 190 Okla. 327, 123 P. 2d 660, Magnolia Petroleum Co. v. Norton, 189 Okla. 252, 116 P. 2d 893, and Wood Oil Co. v. Washington, 199 Okla. 115, 184 P. 2d 116.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.