Louetta CHANNEL, Plaintiff in Error,

v.

Jim W. MACKEY, Executor of the Estate of
Phillis Johnson, Deceased, Defendant in
Error.

No. 38329.

Supreme Court of Oklahoma.

Oct. 27, 1959.

O. B. Martin, Oklahoma City, for plaintiff in error.

Boatman, Pugsley & Boatman, by A. N. Boatman, Okmulgee, for defendant in error.

WILLIAMS, Vice Chief Justice.

Plaintiff in error, hereinafter referred to as plaintiff, brought the action from which this appeal was taken, against defendant in error, hereafter referred to as defendant, as executor of the estate of Phillis Johnson, deceased, for compensation for services rendered under a verbal agreement on the part of Phillis Johnson to will plaintiff a home, pursuant to which agreement plaintiff worked as a maid, and had done farm work, and cared for deceased from October of 1935 until October of 1949. Phillis Johnson died in 1957, devising all of her estate to other persons. Plaintiff thereupon filed a claim against the estate for the value of such services, which claim was not acted upon by defendant executor. This suit was brought on the claim as provided in 58 O.S. 1951 § 339.

The trial court denied plaintiff's request for a jury trial. After presentation of plaintiff's evidence, the court sustained defendant's demurrer to the evidence and rendered judgment for defendant. Plaintiff appeals.

Plaintiff argues the trial court erred in denying her a trial by jury; and further erred in excluding competent evidence she offered. Defendant has confessed error as to denial of jury trial.

That there was error in the refusal to admit certain evidence also has been confessed. Further discussion of these confessed errors is not had as upon the occasion of a new trial as herein directed they likely will not again occur.

Plaintiff's principal complaint is that there was error in sustaining demurrer to her evidence and in rendering judgment against her.

As we are directing that a new trial be granted, we do not comment upon the evidence heretofore introduced in the trial below further than to say that plaintiff introduced the testimony of herself, her sister, a stepsister and a man who had known the parties many years, of effect to warrant a jury in finding that Phillis Johnson lived 5 years on a farm near Beggs, 7 years at a hotel and cafe in Okmulgee and 2 years on a farm near Preston, each owned by her, where she maintained plaintiff and where plaintiff did housework and farm work for the owner, having been promised compensation in the owner's will. Further testimony established the period of time during which such services were rendered and the reasonable value thereof.

The only conflicting or contradictory evidence was an affirmative admission elicited from plaintiff's sister on cross-examination in answer to questions that "you relied upon her generosity; and had an expectation that she would leave her something? * * and it was based upon that? * * * and upon that alone?" and further testimony from the male friend that deceased had told plaintiff and the witness that deceased was going to will the home to plaintiff and witness, "suppose to divide."

Defendant argues that plaintiff's evidence failed to show a contract between plaintiff and deceased whereby deceased or her estate became liable to compensate plaintiff for work admittedly done by her, but to the contrary showed plaintiff merely relied upon the generosity of deceased to make provision for her.

Concerning an action based on quantum meruit for the value of services performed for deceased pursuant to such an agreement, the general rule is stated in 94 C.J.S. Wills § 123, at page 887:

"Where a person renders service to another, relying solely on the testator's generosity and in the mere expectation of a legacy, there being no contract, either express or implied, that compen-

sation shall be made therefor by will, and the party for whom the services are rendered dies without making such provision, no action to recover for such services will lie in favor of the person rendering them. However, one who, in return for an agreement to make a particular disposition of property by will, has rendered services or has furnished money, support, or property to the promisor for his benefit, under circumstances such that, notwithstanding the existence of an express contract, an implied contract may be asserted as a basis of recovery, may sue and recover the reasonable value of such services or other consideration in an action based on quantum meruit."

This court followed the general rule in Poole v. Janovy, 131 Okl. 219, 268 P. 291. See also Staton v. Moody, 208 Okl. 372, 256 P.2d 409.

In Juckes v. Rogers, 206 Okl. 663, 246 P.2d 335, we held:

"Where plaintiff sued on an implied contract to recover for the value of personal services rendered decedent after death of plaintiff's husband, who was decedent's brother, and there is evidence tending to prove that the decedent had promised, and the plaintiff expected payment therefor, such evidence is sufficient to overcome the presumption that the services were gratuitous, and to require submission to the jury."

 Defendant also contends that plaintiff is not entitled to recover for such services for the reason that plaintiff breached the alleged contract in that she quit working for the deceased in 1949 and performed no services for approximately 8 years, deceased dying in 1957. Plaintiff's witness testified that such breach, if any, was acquiesced in by deceased, and that shortly before her death the deceased reiterated her promise to compensate plaintiff for the past services by providing for plaintiff in her will. This is a question of fact to be determined by a jury.

Plaintiff's evidence tended to establish the existence of an agreement with the deceased to compensate her for these services by providing for plaintiff in deceased's will; that such services were performed by plaintiff; the reasonable value of such services; and that such compensation had not been paid. This evidence was sufficient to warrant submission of the case to the jury. Therefore, the trial court erred in sustaining defendant's demurrer to the evidence.

Reversed and remanded with directions to grant plaintiff a jury trial.

DAVISON, C. J., and WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, J., concurs in result.